## ROLAND WHITNEY

*v.*

## U. G. STEVENS.

1.  CLOUD UPON TITLE — *tax deed* — *limitation*.  Where a party, under a tax deed to land, paid all taxes assessed thereon for seven successive years, during which time the land was vacant and unoccupied, and then took possession, it was *held,* that a court of equity could not set aside such tax title at the instance of the former owner, on the ground of irregularities in acquiring the same, but must leave the party to try the question of title in a court of law.

2.  LIMITATION — *under act of* 1839, *to vacant land.*  Where a party, under a deed made on a sale of land for taxes, which purported to convey title, pays all taxes assessed thereon for seven successive years, and then takes possession, his title will be valid against all persons, except such as may be under statutory disability, even though his title, standing by itself, may be regarded invalid.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. HIRAM B. DECIUS, Judge, presiding.

Mr. J. H. HALLEY, and Mr. J. M. HONEY, for the plaintiff in error.

Messrs. BROWN & GIBSON, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, exhibited in the circuit court of Jasper county, by Roland Whitney against U. G. Stevens, to set aside a tax title which Stevens had acquired in a certain quarter section of land in Jasper county.

At the May term, 1874, of the court, a hearing was had upon bill, answer, replication and proofs, and a decree was rendered denying the relief prayed for, and dismissing complainant's bill, to reverse which the complainant brings the record here by writ of error.

The complainant bases his right to maintain a bill upon certain errors alleged to have occurred in the proceedings through which the defendant acquired title on the sale of the land for the non-payment of taxes.

Whether the proceedings by which the land was sold for taxes were regular or defective, is a matter of no consequence in the determination of this case, and hence it is unnecessary to consider the objections urged to the validity of the sale.

The proof shows that the land was sold in 1860 for the taxes of 1859, and purchased by the defendant; that under and by virtue of the sale, on the 16th day of February, 1864, the sheriff of Jasper county executed and delivered to the defendant a deed of the land. Under this deed the defendant paid all taxes assessed on the land, for seven successive years. The testimony further shows, that the land was vacant and unoccupied until the winter of 1872 and 1873, when the defendant acquired the possession.

The defendant testified, and upon that point he is not contradicted, that he obtained the deed to the land in good faith. Under these circumstances, upon what principle the complainant was entitled to set aside the defendant's title to the

land in controversy, as a cloud upon his title, we are at a loss to conjecture. The tax sale, although it may have been defective, and the title acquired under it, when relied upon alone as a title, might not have been regarded valid, yet the deed which the defendant obtained, which, upon its face, purported to convey the land, was color of title. A title of this character, obtained in good faith, followed with the payment of all taxes legally assessed for seven successive years, while the land is vacant, and possession then taken, has been uniformly held by this court to be a valid title as against all persons. except such as may be under the disability named in the statute.

Had the complainant instituted an action of ejectment in a court of law, to recover the possession of the premises, which is the proper forum in which to settle conflicting titles, under the evidence, we see no ground upon which he could recover.

It is no part of the duty of a court of equity to bolster up or strengthen the title of complainant by entering a decree impairing the force or effect of that held by the defendant, but both should be left on an equality, so that, if desirable, they can contest their respective titles in a court of law upon the merits of each.

The record before us discloses nothing upon which the complainant could obtain any relief in a court of equity.

The decree of the circuit court will, therefore, be affirmed.

<em>Decree affirmed.</em>