ZWIETUSCH vs. WATKINS.

*November 26 — December 16, 1884.*

EJECTMENT: IMPROVEMENTS. *(1) Recovery by one claiming under void tax deed. (2) Good faith in assertion of title. (3) Fixtures.*

1. A tax-title claimant who has been ejected from land cannot recover for improvements made thereon prior to November 1, 1878, unless the tax upon which his deed was issued was lawfully assessed upon the land. *Oberich v. Gilman,* 31 Wis. 495. But under sec. 3096, R. S., he may recover for improvements made since that date, notwithstanding the invalidity of the assessment. A tax deed, though void for reasons going to the groundwork of the tax, is "color of title," within the meaning of that section.

2. The commencement of an action of ejectment by the original owner against a tax-title claimant is not inconsistent with good faith in the continued assertion of title by the latter under his tax deed, although such deed is in fact void.

3. A plaintiff in ejectment who insists upon his recovery of a building upon the land as a part thereof, cannot insist that such building is not a fixture and a permanent improvement for the value of which he is liable to the defendant.

Zwietusch vs. Watkins.

APPEALS from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

"June 29, 1877, the defendant, *Watkins*, was the owner of the lot in question, and the same was then occupied by Bradley as the tenant and lessee of *Watkins.* On that day the plaintiff obtained a tax deed thereon from the city of Milwaukee, which was recorded June 30, 1877. Thereupon the plaintiff brought an action of ejectment against Bradley, and obtained judgment therein by default, December 1, 1877, and thereupon Bradley was put out of possession and the plaintiff into possession December 4, 1877. At that time there was a one-story frame building standing on posts, belonging to Bradley, which was then purchased by the plaintiff of Bradley, and for which he paid $300. October 4, 1878, *Watkins* commenced an action of ejectment against the plaintiff and his tenant for the lot in question, which resulted in a judgment in favor of *Watkins*, June 11, 1879. That judgment was affirmed in this court. 47 Wis. 513. The *remittitur* in that case was filed in the trial court, January 29, 1880, and thereupon a writ of restitution was issued, and this plaintiff and his tenant put out of possession, and *Watkins* put into possession. Thereupon the plaintiff brought this action to recover the amount expended by him for taxes, and in making permanent and valuable improvements upon the premises, and interest.

"On the trial, June 17, 1882, the jury returned a special verdict to the effect (1) that the plaintiff honestly believed, when he took possession under the tax deed (December 4, 1877), that he was the lawful owner by a good and valid title against the defendant; (2) that the plaintiff did not then, nor afterwards when he made improvements, have reason to believe that the defendant contested his claim under the tax certificate, or would litigate such claim; (3) that the plaintiff put the filling on the lot to improve the same for the use for which it was adapted; (4) that between Decem-

ber 3, 1877, and October 4, 1878, he put in of such filling 1,280 cubic yards; (5) that the plaintiff honestly believed, October 4, 1878, that he was the lawful owner of the lot by a good and valid title; (6) that between October 4, 1878, and June 3, 1879, the plaintiff put in 200 cubic yards of such filling, and (12) that the same enhanced the value of the whole lot (13) to the amount of $75; (7) that the same was put on to improve the lot; (8) that the plaintiff paid for and expended on the building he found on the lot $332; (9) that he acquired such building and made such expenditures thereon to improve the lot; (10) but such building and expenditures did not permanently improve the lot; (11) that January 8, 1879, the plaintiff paid $21.08 taxes on the lot, (18) which, with interest at seven per cent. to June 17, 1882, amounted to $26.13; (15) that the damages assessed against this plaintiff in *Watkins'* ejectment suit against him, June 3, 1879, were $33.33; (16) that the mesne profits or rents from June 3, 1879, to January 28, 1880, were $54.75; (17) that the filling, with interest thereon at seven per cent. to June 17, 1882, enhanced the value of the lot, June 3, 1879, $360.38; (19) that the aggregate of the sums found in answer to questions 17 ($360.38) and 18 ($26.13),— which amount to $386.51,— after deduction of the amount of damages and rents and profits mentioned in questions 15 ($33.33, June 3, 1879) and 16 ($54.75),— which amounted to $88.08,— and interest computed thereon at seven per cent.; amount to $361.73; and (20) that they find for the plaintiff, and assess his damages at $693.73.

"Upon that special verdict judgment was ordered, rendered, and entered in favor of the plaintiff and against the defendant for the said sum of $361.73, with interest thereon from the time of the rendition of the verdict to the entry of the judgment, amounting to the sum of $373.96 as damages, and $98.19 as costs and disbursements, amounting to $472.15, and that the same be a lien upon the lot in ques-

tion. From that judgment both parties appeal to this court."

For the plaintiff there was a brief by *Cotzhausen, Sylvester & Scheiber*, and oral argument by *Mr. Cotzhausen.*

For the defendant the cause was submitted on the brief of *E. Mariner.* To the point that the plaintiff did not assert title to the lot in good faith, and cannot, therefore, maintain this action, he cited: *Woodhull v. Rosenthal*, 61 N. Y. 382; *Patterson v. Brown*, 32 id. 87; *Lee v. Bowman*, 55 Mo. 400; *Saunders v. Robinson*, 7 Met. 310; *Winslow v. Newell*, 19 Vt. 167; *Whitney v. Richardson*, 31 id. 300; *Wales v. Coffin*, 100 Mass. 177; *Robson v. Osborn*, 13 Tex. 298.

CASSODAY, J. The plaintiff claimed title and went into the possession of the lot in question under a tax deed issued by the city. The defendant, as the original owner, brought ejectment against him, and upon the trial of that action the tax deed was adjudged void, for reasons going to the groundwork of the tax or assessment upon which it was issued. The judgment entered thereon was affirmed by this court for the same reason. *Watkins v. Zwietusch*, 47 Wis. 513. That judgment was executed in January, 1880. Within one year thereafter the plaintiff commenced this action to recover for improvements made and taxes paid, as provided by statute. Subd. 3, sec. 3097, R. S.; *Phœnix L. M. & S. Ins. Co. v. Sydnor*, 39 Wis. 613. This recovery is sought under sec. 3096, R. S. But a large portion of the improvements were made prior to the time when the present revision of the statutes went into effect. This being so, such portion must be recovered, if at all, under the statutes previously in force; that is to say, under secs. 30, 31, 32, ch. 141, R. S. 1858. Under those sections this court held that the tax-title claimant could recover for his improvements only where the tax described in his deed had been "law-

fully assessed." *Oberich v. Gilman*, 31 Wis. 495. To enti-
tle the tax-title claimant to recover for such improvements
under those sections, it was not only necessary that the im-
provements should be made "in good faith," but also that
the assessment or tax upon which the deed was issued was
"lawfully assessed thereon." The difference as to the
requisites to such recovery by such tax-title claimant, and
by one "holding adversely by color, or title asserted in good
faith, founded on descent or any written instrument," under
sec. 33 of that chapter, was plainly pointed out by Mr.
Justice Lyon, in the case last cited, in giving the origin and
purpose of the respective sections. It logically follows,
from that decision, that there can be no recovery here for
such permanent improvements made prior to the present
Revised Statutes. Manifestly, the enhanced value of the
lot by reason of such prior filling was included in the an-
swers to the seventeenth and nineteenth questions submitted
to the jury, and hence went into and formed a part of the
judgment appealed from. This was clearly error.

Can the plaintiff recover for such portions of the improve-
ments as were made after November 1, 1878? The words
"lawfully assessed thereon," as used in the old statutes, seem
to have been entirely omitted in the revision, and the gen-
eral language used in sec. 33, *supra*, was enlarged and adopted
so as to include improvements made by tax-title claimants.
Sec. 3096, R. S. That section provides, in effect, that in
every case where a recovery is had of any land on which
the party in possession, or those under whom he claims,
while holding adversely *by color of title asserted in good faith*,
founded on descent or any written instrument, has made
permanent and valuable improvements, or paid taxes as-
sessed, such party, for himself and for the benefit of those
under whom he claims, is entitled to have from the plaintiff,
his heirs or assigns, *if he insist upon his recovery*, the value
of such improvements at the time the verdict or decision
against him is given, and the amount paid for taxes, with

interest from the date of payment, and for the payment thereof a lien upon the real estate so recovered. "By color of title" is included a tax deed void upon its face. Sanborn & Berryman's notes to this section. We think it also includes a tax deed void for reasons going to the ground work of the tax or assessment upon which it is issued. True, there must be a "holding adversely by color of title asserted in good faith;" but it is only by *color* of title which must thus be asserted. As indicated, it has often been held by this court that good faith may accompany such assertion, notwithstanding the infirmity of.the tax deed giving such color of title may be apparent upon its face. *Lindsay v. Fay*, 25 Wis. 460; *Sprecher v. Wakeley*, 11 Wis. 432; *Edgerton v. Bird*, 6 Wis. 538. In a much stronger sense is it true when the defect is anterior to the tax deed and not apparent upon its face.

It is claimed here that the plaintiff knew enough about the assessment upon which his tax deed was issued to put him upon inquiry. But there was no defect brought home to him more palpably than would have been done by a tax deed void on its face; and yet, as we have seen, that would not have prevented the assertion of title being made in good faith under such deed. Nor do we think the commencement of the ejectment suit by the defendant against the plaintiff necessarily converted the good faith into bad faith. It was at most notice to the plaintiff that the defendant also claimed title to the lot. In such complicated matters of law able lawyers frequently differ in good faith, even when the facts are not disputed. This being so, it would hardly do to hold that an ordinary layman should be conclusively presumed guilty of bad faith from mere construction, implication, or inference. We conclude that the defendant was liable to the plaintiff for the taxes and improvements for filling put upon the lot, as found in the sixth, twelfth, thirteenth, and eighteenth findings.

We are also inclined to think that the plaintiff is entitled

to recover for the value of the building, as found in the eighth finding, with interest thereon from the time of the verdict in the ejectment suit. In coming to this conclusion we do not overlook the facts that it was originally put on the lot by a tenant of the defendant, and occupied and mortgaged by such tenant as his own personal property; nor that it was bought from such tenant by this plaintiff as personal property; nor that the jury found that it did not permanently improve the lot. The facts in relation to it are not in dispute. The plaintiff caused filling to be put beneath it, and the ground to be leveled, a floor to be put in, and the sides to be boarded up. Thus a basement or shop-room was constructed and used, and it was in that condition when the verdict in the ejectment suit was rendered, and also in the same condition afterwards, when the plaintiff was ousted from the possession, not only of the lot but of the building, and both taken and retained by the defendant.

Had the building been so attached to the lot as to have become an indisputable fixture, prior to the time when the Revised Statutes went into effect, we should have been compelled to hold that the plaintiff could not recover for its value, upon the principles above indicated. It appears, however, that it was not so attached as not to be removable by the plaintiff, while claiming in such good faith under such color of title, without making him a trespasser. It is enough to know that by the verdict and judgment, and the execution thereof, the defendant in this action, in the language of sec. 3096, R. S., *insisted* "upon his recovery," not only of the lot, but of this building standing upon it. Having thus forcibly insisted upon taking the building, as well as the lot, from the plaintiff, the defendant cannot now reasonably nor equitably escape liability therefor on the ground that it never became such fixture, but continued to be personal property. Under that section it is because the plaintiff in such ejectment suit " insists upon his recovery " therein that

the defendant in such suit is entitled to compensation for the improvements so recovered. Under that statute the plaintiff here was not a trespasser, but one "holding adversely by color of title asserted in good faith." But under that statute, and after the defendant insisted upon retaining the building by virtue of his recovery, it was most certainly, as to him, a permanent and valuable improvement and fixture. *Huebschmann v. McHenry*, 29 Wis. 655; *Lipsky v. Borgmann*, 52 Wis. 256; *Kimball v. Adams*, 52 Wis. 554; *Hoile v. Bailey*, 58 Wis. 453. And especially should this be so in view of the finding giving to the defendant rent for the use of the building from the rendition of the verdict.

In a proceeding equitable in its nature, like this, there is much propriety in subjecting the parties to equitable considerations. This we have felt called upon to do. From the views expressed it is evident that the judgment includes a certain amount which ought not to have been included, and fails to include a certain other amount which ought to have been included, and hence is erroneous as to each party. There was a manifest error in the computation by the jury in answering the nineteenth question. That error was adopted by the court. Of course there must be a reversal, and as the record stands it is difficult, if not impossible, to tell who is most responsible for the errors which have intervened. We would, perhaps, be justified in ordering a new trial, especially as both parties have appealed. But in view of the protracted character of the litigation, the nature of the questions involved and evidence adduced, and the numerous findings of the jury, we are inclined to think we should be doing injustice to both parties if we failed to terminate this litigation now.

*By the Court.*— The judgment of the circuit court is reversed on both appeals, and the cause is remanded with direction to compute the aggregate sum due to the plaintiff for principal and proper interest upon the respective amounts

found in favor of the plaintiff, as above indicated, and then deduct from such sum the aggregate amount of the respective sums, with the proper interest found in answer to the fifteenth and sixteenth questions, and for the difference, as damages, the usual judgment in such cases is hereby ordered in favor of the plaintiff and against the defendant.