## WOOD v. CONRAD.

1. In an action for the recovery of real estate upon which permanent improvements have been made by a defendant, it must be shown that he holds his possession under color of title, and that the improvements were made in good faith, before he will be entitled to the value of such improvements.

2. A deed, to constitute color of title, must apparently transfer title to holder; not that the title should purport, when traced back to its

source, to be an apparently legal title, but the instrument relied upon must profess to convey a title to the grantee.

3. Good faith has a statutory definition. See Section 4739, Comp. Laws.

4. It is only a *bona fide* occupant of land who can, under either the civil law or the statute, be allowed the value of his improvements when he has been ousted by one having a better title.

5. The allowance of the value of improvements in this manner is based on equitable grounds, and it would be plainly inequitable to allow them to one who acted with full knowledge of superior rights.

(Syllabus by the Court. Opinion filed Oct. 21, 1891.)

Appeal from circuit court, Pennington county. Hon. CHAS. M. THOMAS, Judge.

Action to recover the possession of certain real estate; damages for withholding same and for rents and profits. Defendant answered denying generally, and setting up counter-claim. From the judgment entered in the trial court both parties appeal. Reversed and a new trial ordered.

The facts are fully stated in the opinion.

*C. J. Buell* and *S. J. Parsons* for plaintiff appellant.

The title and right of possession of real property sold at execution sale, remains in the judgment debtor until the sale is consumated by sheriff's deed. Comp. Laws, §§ 5148, 5154, 5159 and 5160; Whipple v. Farrer, 3 Mich. 444; Anthony v. Wessel, 9 Cal. 103; Note to Jackson v. Ramsey, 15 Am. Dec. 251; Note to Tote v. Southard, 14 Am, Dec. 580: Dupree v. Moran, 4 Cal. 196. Before the sheriff's deed issues the purchaser at execution sale cannot maintain ejectment. Curtis v. Millard, 14 Iowa, 128. Title to real property sold on execution only passes by the sheriff's deed, and before the deed actually issues the purchaser has only a lien. People *ex rel* Mulford, v. Mayhew, 26 Cal. 656; *Ex parte* Penne Iron Co., 7 Cowen, 540; Bissel v. Perne, 20 Johnson 3; Comp. Laws, §§ 5154 and 5160; Green v. Clark, 31 Cal. 592. Where an execution has been levied upon real estate such levy must be disposed of by sale or abandonment thereof, or duly set aside, before a second execution can issue. Comp. Laws, § 5147; Dawnard v, Cranshawe, 49 Iowa, 296; Dorland v. Dorland, 5 Cowen, 417; Carnes v. Smith, 8 Johnson, 337; Cutler v. Col-

ner, 3 Cowen 30; Freeman on Executions, §§ 49 and 52. A sheriff's return is conclusive evidence of the facts recited therein. Ruth's Appeal, 10 Atlantic, 886; Rorer on Judicial Sales, § 500. Color of title is that which in appearance is title, but which is in reality no title. Wright v. Mattison, 18 How. U. S. 56. The party claiming under co' or of title must be honest and believe that his deed conveys to him a good title to land. Den v. Hunt, Spencer 493; McCracken v. San Francisco, 16 Cal. 636; Foulker v. Bond, 11 Vroom 541; Sedgwick & Wait, Trial of Titles §§ 762, 763, 775, 777.

A *bona fide* possessor of land is one who not only honestly supposes himself to be vested with the true title, but is ignorant that the title is contested by any other person claiming a superior right to it. Sedgwick & Wait, Trial of Title § 694; Woodhul v. Rosenthal, 61 N. Y. 396; Wood v. Wood, 83 N. Y. 575; Walter v. Quigg, 6 Watts, 87; Haris v. Marblehead, 10 Gray, 44; Wales v. Coffin, 100 Mass. 177; Waterman v. Dutton, 6 Wis. 265; Thompson v. Thompson, 16 Wis. 91; Carpenter v. Small, 35 Cal. 346; Stark v. Starr, 1 Sawyer, 15, 25.

The betterment legislation of South Dakota §§ 5455, 5456, 5457, 5458 Comp. Laws is unconstitutional. § 1925 U. S. Rev. Stat.; Childs v. Shower, 18 Iowa, 268; Creen v. Biddle, 8 Wheaton, 1, 16; McCay v. Grandy, 3 Ohio State, 463; Hearn v. Camp, 18 Tex. 545; Madland v. Benland, 24 Minn. 372, 378, 379.

*A. E. Wallace* and *C. L. Lewis* for defendant appellant.

An appellate court will not review any error on appeal except those appearing on the face of the judgment roll, unless the errors complained of have first been brought to the attention of the trial court. State v. Hurlstone, 5 S. W. 38; Comp. Stat. Dak. § 5094; Sierra County v. Dona Ana County, N. M., 21 Pac. 83; Crutts v. Wray, 27 N. W. 634; Wyoming Loan and Trust Company v. Halliday Co., 24 Pac. 193; Sutherland v. Putnam, 24 Pac. 320; Washington R. R. Co. v. Osborne, 21 Pac. 421 and cases citied, 9 Cal. 67; Klatz v. Perteet, 13 S. W. 955; Brown v. Brown, 2 S. E. 808, 6 S. E. 923; Alexander v. Humber, 6 S. W. 453; Fairfield v. Dawson, 17 Pac. 804; Barker

v. Todd, 34 N. W. 895; Golden Perry Med. Co. v. Smith
2 Dak. 457–8; Bush *et al.* v. N. P. R. R. Co., 3 Dak. 449.

§ 5458 Comp. Laws, is both valid and equitable. Ross v.
Irving, 14 Ill. 17; Cooley's Const. Lim. 4 Ed. 485, p. 486; Stump
v. Hornback, 6 S. W. 356; Searl v. School District, 133 U. S.
553; Pom. Rem. § 294; Sussenbach v. 1st Nat'l Bank, 5 Dak.
477; Ely v. N. M. & A. R. R. Co., 129 U. S. 291; Comp. Laws
§§ 5449 to 5464.

Rental value of land cannot be proven by showing what
return its money value would bring in interest if loaned out.
City of New Orleans v. Christmas, 131 U. S. 131–191; Seg. &
W. Trial of Title to Land, § 667; Worthington v. Hess, 16 A.
534; Maguire v. Labeaume, 7 Mo. App. 179. When the evi-
dence is conflicting, the verdict of the jury or the findings of a
trial referee or judge will not be disturbed on review or appeal.
Phillip Best Brewing Co. v. Pillsbury & Hurlbert Elevator Co.,
5 Dak. 62; Franz Falk Brewing Co. v. Mielenz, 5 Dak. 136;
Lyons v. Harris, 73 Iowa, 292; Morisey v. Swinson, 10 S. E.
754; Perkins *et al* v. Berry, 9 S. E. 621; Larkin v. Tobin, 29 N.
Y. S. 185; Pfandler P. F. Co. v. McPherson, 3 N. Y. S. 609;
Timmons v. Moody, 3 N. Y. S. 714; Cohen v. Irvin, 7 N. Y. S.
106; Bunnels v. Moffat, 41 N. W. 224.

The action of ejectment is an action at law, in which, un-
less waived, the defendant is entitled to a jury. Article 6, § 6,
Const. South Dakota; Sedg. & W. Trial of Title, § 170; Hipp v.
Bobin, 60 U. S. 278; Tillons v. March, 67 Penn. St. 507. The
court has no power to interfere with the finding of the referee,
except where not supported by evidence, in which case he
would have only the right to set it aside upon proper applica-
tion and grant a new trial. Lyons *et al* v. Harris *et al*, 34 N.
W. 864; Preston v. Morrow, 66 N. Y. 452; Cooley v. Osborne,
50 Iowa, 44; State v. Hurlstone, 5 S. W. 38; Caruth v. Walters,
3 S. W. 865; Paulin v. Brown, 5 S. E. 107.

A party has color of title when he has an apparent al-
though not real title founded upon a deed good in form pur-
porting to convey the same. Wheeler v Merriman, 15 N. W.

665; Lyneweet v. Fahey, 6 N. W. 403; 3rd Wash. R. P. 510; Railroad v. McCaskill, 4 S. E. 468; Hodges v. Eddy, 38 Vt. 327; Brooks v. Bruon, 35 Ill. 394; Russell v. Erwin, 38 Ala. 48; Edgerton v. Bird, 6 Wis. 512.

Improvements made on land after notice of adverse title can be recovered for, if party making same acquired his title in good faith. § 5455 Comp. Laws; Searle v. School District, 133 U. S. 553; McCagg v. Heacock, 34 Ill. 476. A purchaser at a subsequent execution sale cannot impeach the validity of a former sale collaterally for mere irregularities. Rorer Judg. Sales, §§ 1059, 1060 and 1061; §§ 789, 791, 794 and 796; Atwood v. Beorn, 8 N. W. 55. A certificate of sale after expiration of a year to redeem makes the purchaser absolute owner. Comp. Laws, §§ 5148–5160; Merchant v. Woods, 27 Minn. 396; Parker v. Dacres, 130 U. S. 43.

BENNETT, J. This was an action brought by plaintiff against the defendant to recover the possession of lots 5 and 6, block 102, in the old town site of Rapid City, Pennington county, S. D. The admitted and established facts are as follows: About July 8, 1881, the title to the property in dispute passed from the United States to John W. Nolin, in trust, as provided by town site law; and about December 9th of the same year said Nowlin, as such trustee, conveyed the same to John E. Cyr, of the firm of Cyr & Volin. On the 9th day of February, 1884, Henry G. Hall, Herbert S. Hall, and Everett E. Hall, copartners under the name of H. G. Hall & Sons, recovered a judgment against John E. Cyr and Louis Volin, copartners as Cyr & Volin, for $251.70, in the district court of the first judicial district of Dakota territory, within and for Pennington county, which judgment was duly docketed on the 13th day of February, 1884, in the office of the clerk of said court. On the 17th day of June, 1884, Jacob S. Gantz recovered a judgment in the same court against the same parties, for $636.58. On August 13, 1884, Hall & Sons took out an execution on their judgment, and placed it in the hands of the sheriff, and he levied on lots 4 and 5 in said block 102. Notice of sale was published, but the sale never took place, and the

execution was never returned. On the 18th day of May, 1885, a second execution was issued on said judgment, and under that execution the sheriff levied on lots 4 and 5 in said block 102, and, after duly advertising them, sold them to Herbert S. Hall for $298.57, and delivered to him the usual certificate of sale. On December 22, 1885, Herbert S. Hall executed and delivered to Simon P. Conrad, the defendant, a warranty deed, purporting to convey to him lots 5 and 6, the property in dispute, subject to Cyr & Volin's right of redemption from the sheriff's sale. Said Simon P. Conrad went into possession of said lots under said deed, and has held the possession ever since. On March 9, 1887, an execution was issued on the judgment rendered in favor of Jacob S. Gantz againts Cyr & Volin, which was levied on lots 5 and 6, and on April 5, 1887, after due publication, the sheriff sold the same to Chauncey L. Wood, the plaintiff, for $426.80, and a certificate of sale was duly issued to him. On April 16, 1888, no redemption having been made, a sheriff's deed to said lots 5 and 6 was duly executed and delivered to him. It is under this deed the plaintiff claims title and the right of possession. The defendant claims title and possession by virtue of his deed from Herbert S. Hall, of date December 22, 1885. In the latter part of March, 1887, and after the execution in the case of Gantz against Cyr & Volin had been issued and levied on said lots 5 and 6, the defendant commenced to improve them, and when the improvements had progressed so far that their value was ⁵300 the plaintiff notified him that he claimed the lots and all improvements upon them, and warned the defendant against placing any more improvements upon the lots. The value of the improvements at the time of the commencement of the action is admitted to be $2,250. The value of the lots, aside from the value of the improvements, is disputed, varying from $800 to $1,200 for both. The value of the use of them is also in dispute, but there is sufficient evidence to support the finding of the court on this point. The cause was submitted by stipulation of parties to a referee, who, upon hearing it, made his report to the court as to findings of fact and of law, which report was, upon motion

of the plaintiff, altered and modified by the court, and from such alterations and modifications both the plaintiff and defendant have appealed. The plaintiff made no motion for a new trial in the court below, but bases his appeal upon a refusal of the court to modify the report of the referee as fully as he, the plaintiff, had requested. The facts, as found by the referee and as modified by the court, are substantially as above stated, excepting that the court found that the value of the lots was $500 each, or of the aggregate value of $1,000, and that the use of them since they have been in the possession of the defendant was $137.50. These findings, there being evidence to support them, will not be disturbed. The only point, then, will be upon the conclusions of law as found by the court, based upon these facts.

The first finding as matter of law was as follows: "That the defendant, Simon P. Conrad, holds said premises under color of title adverse to plaintiff, and in good faith placed the improvements thereon, * * * which are of a permanent and substantial character, * * * and is entitled to the sum of $2,250, the value thereof." The contention of the plaintiff is that there is no evidence to support this finding as to the good faith of the defendant in placing the improvements upon the lots, or that the defendant had at any time color of title to said premises. As to defendant's "color of title," the abstract shows that on the 22d day of December, 1885, Herbert S. Hall executed a warranty deed to the defendant for the premises, in the body of which deed are these words: "Except that said lots are subject to a redemption from sheriff's sale under execution, issued out of the district court of Pennington county, Dakota, on a judgment in said county in favor of H. G. Hall & Sons and against John E. Cyr and Louis Volin, copartners as Cyr & Volin." To the admission of this deed in evidence the plaintiff objected, upon the ground that there is nothing to show that Hall had any title to said lots except through a sheriff's sale made July 6, 1885,—less than one year prior to the date of the deed,—and that no assignment of the sheriff's certificate of sale to Hall had been made to defendant, and it is

not shown that Hall was a disseisor in possession at the time of the execution of the deed. The deed was admitted in evidence over the objections. "Color of title" is defined to be an apparent title founded upon a written instrument, such as a deed, levy of execution, decree of court, or the like. 3 Wait, Act. & Def. 17; Brooks v. Bruyn, 35 Ill. 394. To give color, the conveyance must be good in form, contain a description of the property, profess to convey the title, and be duly executed. La Frombois v. Jackson, 8 Cow. 589. Containing these requirements, a deed will give color of title, although in fact invalid and insufficient to pass the title, or actually void or voidable. Hall v. Law, 102 U. S. 466; Ewing's Lessee v. Burnett, 11 Pet. 41; Swietusch v. Watkins, 61 Wis. 615, 21 N. W. Rep. 821; Edgerton v. Bird, 6 Wis. 527. It will not do to say that a deed is void for reasons not apparent on its face, and cannot give color of title, for color of title is not, nor does it profess to be, title at all; color of title is that which is a title in appearance, but not in reality. Wright v. Mattison, 18 How. 50. A deed, to constitute color of title, must apparently transfer title to holder: not that the title should purport, when traced back to its source, to be an apparently legal title, but the instrument relied upon must profess to convey a title to the grantee. Coleman v. Billings, 89 Ill. 190. Upon this principle it was held in Mason v. Ayers, 73 Ill. 121, that when a mortgagee, attempting to foreclose his mortgage, obtains a deed under the foreclosure, the deed constitutes color of title, although the decree of foreclosure may be erroneous, or even void. Such, also, was the ruling in Whitney v. Stevens, 77 Ill. 585, where it was held that a deed under a tax sale, although defective and conveying no absolute title, yet being fair upon its face and purporting to convey title, was color of title. Nor was this evidence sufficient to show want of good faith in obtaining title. In the case of Pillow v. Roberts, 13 How. 472, the court says: "Hence color of title, even under a void and worthless deed, has always been received as evidence that the person in possession claims adversely to all the world." We might add to the above, almost to an indefinite extent, decisions from both

United States and state tribunals holding the same doctrine, but we deem it unnecessary to do so. An examination of these numerous cases will show that the courts have concurred in defining "color of title" to be that which in appearance is title, but which in reality is no title. They have equally concurred in attaching no exclusive or peculiar character or importance to the ground of the invalidity of an apparent or corable title. The inquiry has been whether there was an apparent or colorable title under which an entry upon or claim to a piece of real estate has been made in good faith. A defendant in possession is not, therefore, driven to the necessity of showing that the springs or sources of the title are pure, nor to the successive channels through which it may pass, but the inquiry is, did he have a claim and color of title with his possession at its beginning? The warranty deed from Hall to the defendant purported on its face to convey title to the latter, contained a description of the property, and was properly executed. At least it is not urged that this deed is in other than the usual form, and it was duly recorded. From the results of the foregoing and other cases we conclude that the deed from Hall to Conrad was sufficient to give to the grantee color of title.

The defendant holding possession of the lots, by a color of title, the next question arises: Did he make the improvements upon which he bases his counter claim in good faith? The right of a defendant, in an action for the recovery of real property, to be allowed the value of the improvements he has placed upon it, depends in part upon whether they were made in good faith. Good faith consists in an honest intention to abstain from taking any unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious. Section 4739, Comp. Laws. Defendant's deed from Hall contained the provision that the lots were subject to Cyr & Volin's right of redemption from sheriff's sale. This reservation was an express notification to him that his title was not absolute, and was sufficient to put any reasonably careful man on inquiry as to the nature of his possession before

making valuable improvements and expending quite a large sum of money upon them. Had this been done, the defendant would have discovered that Hall had no title whatever to lot 6, and only a *quasi* one to lot 5. No levy of the execution or sale under it had been made on lot 6. Still, regardless of this, the defendant placed his improvements on both lots, even before the right of redemption had expired on lot 5. Again, when the execution was issued on the judgment in the case of Gantz v. Cyr & Volin, in March, 1887, there were no improvements on the property. Soon after the levy, sale and purchase under the execution was had, the defendant commenced the construction of a house on the premises. The defendant not being in the territory at the time, the plaintiff, who was the purchaser at the above execution sale, notified the workmen that a levy had been made upon the lots, and they better stop work until Conrad, the defendant, should return. This they did not see fit to do. Conrad returned about the middle of May, 1887, and soon after the plaintiff went to him, and told him the property had been sold under an execution, and that he had better be careful about putting improvements on it, as he, the purchaser under the execution, would probably hold the lots. To this notification the defendant replied that "He knew all about it, but Hall, his grantor, would stand between him and all loss." At this time the improvements made were not worth over $300. From this statement of the facts can it be said that the defendant, from this time on, acted in good faith in making at least the further improvements? We think not. It is only a *bona fide* occupant of land who can, under either the civil law or the statute, be allowed the value of his improvements when he has been ousted by one having a better title. The allowance of the value of the improvements in this manner is based on equitable grounds, and it would be plainly inequitable to allow them to one who acted with full knowledge of the plaintiff's rights. As the defendant had full knowledge of plaintiff's claim and rights, and, from his own statement, he knowing all about the matter, and that he was looking to his grantor for protection, and in the face of this knowledge going on making the im-

provements, we think the referee and the court below erred in finding that all these improvements were made in good faith. It is unnecessary to notice the other assignments of error, as the case must be reversed and a new trial ordered. All the judges concurring.