## SEYMOUR v. CLEVELAND *et al.*

One who takes possession of land under a contract of purchase, and a bond for a deed executed by the vendor, does not hold under color of title, nor adversely to the claim of the vendor, in good faith, within Comp. Laws Sec. 5455, providing that in an action for recovery of land on which permanent improvements have been made by defendant, "holding under color of title adversely to the claim of plaintiff, in good faith, the value of such improvements must be allowed as a counterclaim."

(Opinion filed July 18, 1896.)

Appeal from circuit court, Grant county. Hon. J. O. ANDREWS, Judge.

Ejectment by Julius H. Seymour against Hannah P. Cleveland and another, in which defendants set up a counterclaim

for improvements.  From a judgment in favor of plaintiff for possession and in favor of defendants on their counterclaim, plaintiff appeals.  Reversed as to the counterclaim.

The facts are stated in the opinion.

*Thomas L. Bouck* and *H. H. Potter*, for appellant.

Defendants were neither holding under color of title, nor adversely to the claim of plaintiff.  Wood v. Conrad, 2 S. D. 334, 50 N. W. 95, Black's Law Dict., 33 Cal. 668; 1 Am. & Eng. Ency. of Law, 225, 277-78-79.  Having full knowledge of plaintiff's superior title, defendants cannot claim that they made the improvements in good faith.  Wood v. Conrad, *supra.*  See also Pierce *et al.* v. Sparks *et al.*, 4 Dak. 1, 22 N. W. 590.  See also, 28 Am. & Eng. Ency. of Law, 118; Williams v. Fobes, 47 Ill. 150; Chappell v. McKnight, 108 Ill. 575; Burnett v. Caldwell, 76 U. S. 290.  Whoever enters upon land under an agreement to purchase does not hold adversely to the vendor until his agreement is fully performed, so that he is entitled to a conveyance.  In matter of Department of Parks, 73 N. Y. 560; Devyr v. Schafer, 55 N. Y. 446; 1 Am. & Eng. Ency. of Law, 229.  See also, Jones v. Smith, 73 N. Y. 205; Orphan Asylum v. City of Troy, 76 N. Y. 108; Wiseman v. Lucksinger, 84 N. Y. 31; Cronkhite v. Cronkhite, 94 N. Y. 323; Jones v. Graves, 21 Iowa 474; Austin v. Winson, 46 Iowa 480; Keas v. Burns, 23 Iowa 235; Flower v. Cruikshank, 41 N. W. 587.

*John W. Bell*, and *S. S. Lockhart*, for respondents.

The court will judicially notice the fact that in this state these contracts are almost invariably made for the purpose of occupancy and improvement by the vendee.  A right of homestead may be claimed thereon, good against all the world, except in so far as vendor's rights may be concerned.  Myrick v. Bill, 5 Dak. 167.  In ejectment a claim for valuable improvements may be interposed.  Root v. McFerrin, 75 Am. Dec. 49.  The penalty or forfeiture part of the contract is void under the statute.  Comp. Law, § 3579.  Respondents have color of title, their possession was adverse, the improvements were made in

good faith, and they are entitled to the value of same.    Hentig
v. Redden (Kan.·), 41 Pac. 1054.

CORSON, P. J.    This was an action to recover possession
of a town lot in Milbank.    The defendants claimed the right to
recover by way of counterclaim for improvements made upon
the premises while in possession of the same under a contract
of purchase.    Plaintiff recovered judgment for the possession,
and the defendants recovered on their counterclaim for their
improvements.    From the part of the judgment in favor of the
defendants the plaintiff appeals.

It is alleged in the complaint that the defendants entered
into possession of the premises claimed under a contract or
bond for a deed executed by the parties, by the terms of which
plaintiff, upon the payment of $700 at the times specified in the
contract, agreed to convey the premises to the defendant Han-
nah P. Cleveland, the wife of the other defendant named.    It is
further alleged that the time for the second payment had expired
and that the payment had not been made; that notice to the de-
fendants to deliver up possession was duly given, and that they
had refused to do so, and were, at the commencement of the
action, wrongfully and unlawfully withholding possession of
said premises.    The material allegations of the complaint are
admitted in the answer as to the execution and terms of the
contract and failure to pay the second installment of the prin-
cipal, but they deny they withhold the possession unlawfully,
and allege that they are justly and rightfully in possession.
The defendants then set up the following counterclaim:
"Ninth.    That ever since the 24th day of January, 1893, these
defendants have been in actual, exclusive and continuous pos-
session of said lands and premises, and have held the same
during all that time under color of title adversely to the
claim of plaintiff, and·in good faith.    Tenth.    That since said
24th day of January, 1893, and before the commencement o'
this action, and while in possession as aforesaid under color o'

title adversely to the claim of plaintiff, and in good faith, these defendants made permanent improvements of great value upon said lands and premises. Eleventh. That the value of said lands and premises, aside from said improvements, is five hundred and fifty dollars and no more; * * * and that the aggregate actual value of all said improvements is two thousand six hundred and four dollars and sixty-two cents ($2,604.-62). Thirteenth. That plaintiff has not paid defendants, nor either of them, the value of said improvements, nor any part thereof. Wherefore defendants pray the judgment of this court against plaintiff as follows: First, that plaintiff take nothing by this action; second, that if the court shall adjudge the plaintiff entitled to recover the lands and premises aforesaid, then that the defendant have judgment against plaintiff for the sum of two thousand six hundred and four dollars and sixty-two cents ($2,604.62), the same being the value of said improvements as aforesaid." To this counterclaim plaintiff interposed a reply, denying that defendants hold possession under color of title adversely to the claim of plaintiff, or in any manner other than under the contract, a copy of which is set out in the complaint. They also deny that the value of the improvements made by the defendants exceeds $1,000. The contract appears to have been only executed by the plaintiff, and he "covenants and agrees that, if the party of the second part shall first make the payments and perform the covenants hereinafter mentioned on her part to be made and performed, that said party of the first part will convey and assure to the party of the second part, in fee simple, clear of all incumbrances whatsoever, by a good and sufficient warranty deed, the following lot, piece, or parcel of land in Grant county, state of South Dakota." It is further provided in the contract as follows: "And in case of failure of the said party of the second part to make either of the payments or perform any of the covenants on her part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and determined, time

being the essence of this agreement; and the party of the sec-
ond part shall forfeit all payments made by her on this con-
tract, and such payments shall be retained by the said party of
the first part in full satisfaction and in liquidation of all dam-
ages by him sustained, and he shall have the right to re-enter
and take possession of the premises aforesaid."

At the conclusion of the evidence the court directed the
jury to find a verdict for the plaintiff for the possession of the
premises, and for the defendants for the sum of $2,559.62, the
value of their improvements, and the jury thereupon rendered
a verdict as directed. The court subsequently made findings,
the more material ones being as follows: "(1) That the plain-
tiff is now, and was on the 24th day of January, 1893, seised in
fee and entitled to the possession of the premises mentioned and
described in the complaint. (2) That the plaintiff and the de-
fendant Hannah P. Cleveland made and entered into a contract,
which contract was dated on the 24th day of January, 1893; that
said contract was in writing, and that the defendant Hannah P.
Cleveland has made default in the conditions of said contract.
(3) That at the time of making said contract, and in accord-
ance with the provisions thereof, defendant Hannah P. Cleve-
land paid the plaintiff the sum of $100. (4) That on or about
said 24th day of January, 1893, under and by virtue of the pro-
visions of said contract, and with the consent of plaintiff, the
defendants entered into the possession of said premises, and ever
since said time have held and possessed said premises. (5)
That on the 9th day of August, 1894, the plaintiff elected to de-
clare, and did declare, the rights of defendant Hannah P.
Cleveland, and of each of said defendants, under and by virtue
of said contract, forfeited and determined, by reason and on ac-
count of the default of said defendant Hannah P. Cleveland in
the conditions of said contract, and served a written notice on
each of said defendants, declaring said contract forfeited and
determined. * * * (6) That ever since the 24th day of January
1893, the defendants have been in the actual, exclusive and con-

tinuous possession of said premises, and have held the same during all that time under color of title adversely to the claim of plaintiff, and in good faith said defendants made permanent improvements thereon of the value of $2,559.62; and that said lands, aside from the improvements are of the value of $700, $100 of which has been paid by the defendants to the plaintiff. (7) That the plaintiff is entitled to the possession of the premises described in the complaint, and the defendants are entitled to recover from the plaintiff the sum of $2,559.62, the value of said improvements." The two latter findings were duly excepted to. The court thereupon rendered judgment in favor of the plaintiff for the possession of the premises, and in favor of the defendants for the amount of their counterclaim, and which judgment contained the usual conditions that no execution issue in favor of plaintiff until the said sum of $2,559.62 shall be paid.

The only question presented for decision is do the defendants, who entered into possession under the contract and made improvements upon the property, come within the provisions of Sec. 5455, Comp. Laws, which reads as follows: "In an action for the recovery of real property upon which permanent improvements have been made by a defendant or those under whom he claims, holding under color of title adversely to the claim of the plaintiff, in good faith, the value of such improvements must be allowed as a counterclaim by such defendant." It will be noticed that a defendant, to entitle him to avail himself of the provisions of that section, must hold under "color of title, adversely to the claim of the plaintiff, in good faith." The defendants in this case neither held under color of title nor adversely to the plaintiff in good faith. One who enters upon real property under a contract of purchase occupies the position of a licensee, until he completes his contract of purchase. In the case at bar there is no stipulation in the contract that the defendant Hannah P. Cleveland shall have possession of the property under contract, but there are stipulations in the

contract that contemplate that she should have such possession, and plaintiff's agent testifies that possession was given to her about the time the contract was executed. Her entry into possession, therefore, was under and by virtue of the contract, and the court so finds. The law applicable to such cases is thus stated by the supreme court of the United States in Burnett v. Caldwell, 9 Wall. 290: "The legal principles which must govern the determination of the case are all well settled. If the contract in such cases be silent as to possession by the vendee, he is not entitled to it. If the contract stipulates for possession by the vendee, or the vendor puts him in possession, he holds as a licensee. The relation of landlord and tenant does not subsist between the parties. The characteristic feature of that relation is wanting. The vendee pays nothing for the enjoyment of the property. The case comes within the category of a license. In such cases the vendee cannot dispute the title of the vendor any more than the lessee can question the title of his lessor. The assignee of the vendee is as much bound by the estoppel as the vendee himself. Upon default in payment of any installment of the purchase money, the possession becomes tortious, and the vendor may at once bring ejectment. Ejectment may sometimes be maintained when the covenant for the purchase money could not." Dolittle v. Eddy, 7 Barb. 74. See, also, *In re* Department of Public Parks, 73 N. Y. 560; Devyr v. Schaefer, 55 N. Y. 446; 1 Am. & Eng. Ency. Law, 229, note; Jones v. Smith, 73 N. Y. 205; Wiseman v. Lucksinger, 84 N. Y. 31; Cronkhite v. Cronkhite, 94 N. Y. 323. The defendants do not claim under color of title, as they do not set up or claim under any other title than that of a contract for a deed. To constitute one holding under color of title, he must show a conveyance apparently valid upon its fact, or, as said by the supreme court of the United States, "color of title is that which in appearance is title, but which in reality is no title." Wright v. Mattison, 18 How. 56. And in the same case that court defines "good faith" as follows: "Good faith

doubtless used here in the popular sense, as the actual existing state of the mind, * * * without regard to what it should be from given legal standards of law or reason." The supreme court of California, in Bernal v. Gleim, 33 Cal. 669, adopts the definition of "color of title" above given, and adds: "It is that which the law will consider *prima facie* a good title, but which, by reason of some defect, not appearing on its face, does not in fact amount to title." Wood v. Conrad, 2 S. D. 334, 50 N. W. 95. And the claim must be adverse to the claim of the plaintiff. In this case the claim of the defendants is not adverse to the claim of the plaintiff, but under and in subordination to such claim. They claim under no conveyance, but simply an agreement to convey upon certain conditions, which have not been complied with. The learned circuit court proceeded upon an erroneous theory in permitting the defendants to recover upon their counterclaim for their improvements, as they do not come within the provisions of the statute allowing such a counterclaim. They show no claim under color of title adversely to the claim of the plaintiff. They knew, when they made the improvements, that they had no title or claim of title adverse to the plaintiff, and there could, therefore, be no claim in good faith. The evident purpose and design of the provisions of the statute referred to are to protect one who has made improvements upon land which has been conveyed to him, and which he in good faith believes vests the title in him, but which, upon investigation, proves to be an invalid title. As before stated, the defendants have no conveyance or color of title under which they claim, and no improvements have been made by them under the mistaken belief that they had the title to the property. They by entering into possession under the contract with the plaintiff, admitted plaintiff's title, and must be presumed to have known that they could acquire no title to the property except by complying with the conditions of the contract, and that, until those terms were complied with, the title remained in the

plaintiff. It is unfortunate that the defendants should have made such valuable improvements under a simple contract of purchase, when time is made the essence of the contract, but no relief can be afforded them under the provisions of a statute enacted to protect an entirely different class of persons who have made improvements under the erroneous belief that they had the title to the property upon which the improvements were made. The judgment of the circuit court is therefore reversed as to the counterclaim of defendants, and modified by striking therefrom all that part of the judgment in favor of the defendants, and when so modified, the judgment of the court below is affirmed.