## Parker *et al.* v. Vinson *et al.*

1. Under Comp. Laws, § 5455, providing that, in an action for the recovery of real property, a defendant holding under color of title, in good faith, adversely to plaintiff, may recover his improvements, a defendant holding in good faith under a void tax deed is entitled to recover his improvements. since such a deed constitutes color of title.

2. Laws 1868-69, Chap. 16, § 6, giving to parties holding adversely to the owner of land a right to recover for improvements made in good faith under color of title, mentions a tax deed as giving such color of title; and Rev. Codes 1877. p. 584, § 641, omits such provision. *Held*, a tax deed may still constitute color of title, as it may be presumed that by the omission it was not intended to make any distinction between tax deeds and other conveyances.

3. A counterclaim, in an action for possession of land, alleging facts showing an adverse claim under color of title and in good faith, and stating the nature of the improvements and the payment of taxes, is sufficient, as against a general demurrer.

4. In the absence of the evidence, the appellate court will presume that the court below had legal evidence on which to base its findings.

5. Where, in a counterclaim for improvements, defendant sets up the value of the improvements, plaintiff's denial of his allegations puts in issue the value of the improvements, and the court may find their value.

6. The finding of the jury as to the value of permanent improvements is conclusive as to whether the improvements were permanent, since what constitutes permanent improvements is a question of fact.

7. An amendment of a judgment after appeal which does not materially change the original judgment is not reversible error.

Fuller, J., dissenting.

(Opinion filed January 25, 1899.)

Appeal from circuit court, Union county. Hon. E. G. SMITH, Judge.

Action by Clemena Parker and others against William M. Vinson and another. From a judgment for plaintiffs for the possession of land, and for defendants for the value of their improvements, plaintiffs appeal. Modified.

The facts are stated in the opinion.

*W. E. Gantt* and *H. M. Wallace,* for appellants.

*Ira L. Nichols, E. C. Ericson,* and *French & Orvis,* for respondents.

CORSON, P. J. This was an action to recover possession of a certain tract of land in Union county. The defendants in their answer denied the allegations of the complaint, except that they were in possession holding adversely to plaintiffs. They also claimed title to the premises under and by virtue of two tax deeds executed by the treasurer of Union county. They also alleged that the plaintiffs had abandoned the said property, and interposed a counterclaim in which they claimed the value of the improvements made by them upon the premises in controversy while so holding adversely to the plaintiffs under color of title and in good faith. Judgment was entered in favor of the plaintiffs for the possession of the property, and for the defendants for the value of the improvements. From this judgment the plaintiffs appeal to this court, and have assigned a large number of errors; but, in the view we take of the case, it will not be necessary to discuss at length all of the errors assigned. The evidence in the case is not before us, as the appeal is taken from the judgment alone, which only brings up for review the pleadings, findings of the court, and judgment.

The plaintiffs and appellants contend that the court below erred in holding that the tax deeds under which the defendants claimed title constituted color of title, inasmuch as the court found that the said tax deeds were void upon their face. The respondents insist that the court's finding No. 39 established the fact that the defendants were in possession of the premises, holding adversely to the plaintiffs, under color of title and in good faith, and that this court will presume that there was legal evidence to support the finding. But in this the respondents are not sustained by the finding, which reads as follows: "That the improvements made upon said premises by the defendants were made thereon in good faith, and while claiming title thereto adverse to the plaintiffs in this action." Section 5455, Comp. Laws, provides as follows: "In an action for the recovery of real property, upon which permanent improvements have been made by a defendant or those under whom he claims, holding under color of title adversely to the claim of the plaintiff, in good faith, the value of such improvements must be allowed as a counterclaim by such defendant." It will be noticed that the finding omits to state that the premises were held under color of title. The term "claiming title" is not equivalent to "color of title." By the terms of the section above quoted, it will be observed that there are three conditions necessary to be established by a party, to entitle him to recover for permanent improvements, viz. the holding adversely to the claim of plaintiffs, under color of title, and in good faith. If therefore, there was no other finding to show that defendants held under color of title, the findings would be insufficient to support the judgment. But by the tenth and twenty-third findings the court finds that the defendants claim-

ed title under two deeds executed by the treasurer of Union county; setting out the deeds in full in the findings. As the findings must be taken together, it sufficiently appears therefrom that the defendants claimed title under these tax deeds, and consequently held under color of title, if tax deeds constitute color of title. It therefore becomes necessary for us to determine whether the tax deeds, though void upon their face, constitute color of title, within the meaning of the section of the statute above quoted.

The evident purpose and design of the provisions of the statute before quoted were to relieve a party who in good faith, under color of title, has made permanent improvements upon real property while in the possession of such property, and holding it adversely to the true owner. Seymour v. Cleveland, 9 S. D. 94, 68 N. W. 171. One of the essential elements of the section is that such improvements should have been made in good faith (that is, in honest belief that the title to the property was vested in the party making the improvements); and it can make no difference to him whether the deed under which he claims is void on its face or *aliunde*, if the improvements were made in good faith, as he is then equitably entitled to recover the value of such improvements. And we are of the opinion that, by a fair construction of the statute, he would be entitled to recover for his improvements in either case. Of course, if such party has actual knowledge that his title is invalid, or of facts that would create in his mind a reasonable doubt as to his title, or if he makes improvements after actual notice that his title is invalid, he would not be entitled to recover for such improvements. Wood v. Conrad, 2 S. D. 334, 50 N. W. 95. But in this case the court has found that the im-

provements were made in good faith, and such finding necessarily negatives any actual knowledge or information on the part of the defendants of any facts that would tend to impeach their title.  Hence we are of the opinion that the tax deeds found by the court to be void upon their face do constitute such color of title, within the meaning of the statute, as entitles the defendants to recover for the value of their permanent improvements and taxes paid.  The decisions upon this question are conflicting, and we shall not undertake to review them, but cite the following as supporting the views of this court. Black Tax Titles, §§ 473, 503, 505; Zwietusch v. Watkins, 61 Wis. 615, 21 N. W. 821; Wheeler v. Merriman, 30 Minn. 372, 15 N. W. 665; Smith v. Shattuck, 12 Or. 362, 7 Pac. 335; Ricker v. Butler, 45 Minn. 545, 48 N. W. 407; Railroad Co. v. Allfree, 64 Iowa, 500, 20 N. W. 779; Colvin v. McCune, 39 Iowa, 502.

Counsel for plaintiffs call our attention to the fact that when the statute was first adopted, giving a right to parties holding adversely to the real owner of the property to recover for improvements made thereon in good faith, the statute expressly mentioned a tax deed as giving such color of title (Section 6, Chapt. 15, Laws 1868–69), and that in the Revised Codes of 1877 this provision appears to have been eliminated from the statute; and hence they argue that, under our present law, tax deeds do not constitute color of title.  We cannot agree with counsel in this contention.  It may be reasonably presumed that the codifiers omitted this provision from the Code for the reason that they did not intend to make any distinction between tax deeds and other conveyances as constituting color of title.

Appellants further contend that the facts stated in the counterclaim are insufficient to entitle them to recover for the

improvements, under the section of the statute above quoted. But we are of the opinion that the counterclaim is sufficient as against a general demurrer, though possibly it might have been subject to a motion to make it more definite and certain. In the counterclaim the defendant set up substantially all the facts required to show that they claimed the premises adversely to the plaintiffs, under color of title, and in good faith, and they direct attention specifically to the tax deeds upon which they rely as constituting color of title. They also set up the nature and value of the improvements, and the amount of taxes paid by them upon the property while so holding it adversely to the plaintiffs. And the court, in finding No. 36, finds "that during the time that the said defendants, William M. Vinson and Clara B. Vinson, have been in actual possession of said premises, they have made permanent improvements thereon, in good faith, of the aggregate value of nine hundred dollars." And the court further finds that there is due the defendants on account of taxes, interest, and penalties paid, the sum of $807.72. In the absence of the evidence this court will presume that the court below had legal evidence upon which to base its findings.

It is further contended by the appellants that the finding of the court that the value of the property was $900 was erroneous, for the reason that the defendants in their counterclaim had admitted that the property was worth $1,080. But we cannot agree with counsel in this contention. It is true that the defendants alleged in their counterclaim that the value of the property was $1,080; but the plaintiffs in their reply deny each and every allegation of the counterclaim, and consequently deny that the property was of the value of $1,080. We think

it is competent, therefore, for the court to find upon this issue that the property was of such value as the evidence in the case would warrant, and we are therefore of the opinion that its finding upon that question is conclusive upon this court. Possibly, if the plaintiffs had not denied the allegations of the defendants as to the value of the property, the defendants would have been concluded by the value as stated, unless their pleading had been amended. But with the denial of the plaintiffs, an issue was raised as to the value of the property, upon which it was the duty of the court to find.

The appellants further contend that the improvements were not of such a nature as to constitute permanent improvements, within the meaning of the statute. But what constitutes permanent improvements is largely a question of fact; and, the court and jury in this case having found the value of the permanent improvements to be $900, that finding is conclusive upon this court. Black Tax Titles, § 473.

It is also contended by the appellants that the interest found due on the taxes paid was erroneously computed, and the respondents virtually concede in their brief that the court made an error of $58.49 in favor of the defendants. Excepting the error above mentioned, we find no others in the computations of interest.

Appellants further insist that the court below erred in amending the judgment entered in this case after they had perfected their appeal. It appears from the abstract that the motion for leave to amend the judgment was served, and before the day fixed for the hearing the plaintiffs perfected their appeal to this court, and notwithstanding this fact the trial court made an order granting the defendants leave to amend the

judgment.  As  the  plaintiffs took  no  appeal from this order, we are inclined  to  the opinion that this court is not authorized to review this order  on  this  appeal.   But assuming the order is before us for review, and that the trial court erred  in  allowing  the amendment after the appeal had been perfected,  we are of  the opinion that  the  amendment did not materially change the original judgment,  or  affect any substantial right of  the plaintiffs;  and hence the error, if  any,  would not constitute reversible  error.

We have discussed all the errors  we  deem material;  not, however, overlooking any  of  the other errors assigned.   As it appears that the court below, in  computing  the amout due  on the taxes paid, made an error of $58.49  in  favor of  the defendants,  the judgment must be modified by  deducting that amount from the sum awarded to the defendants.   The defendants urge that this amount should  be  disregarded,  for  the reason that plaintiffs have recovered a larger amount than they are entitled to for rents and profits.   But the amount due plaintiffs has been determined  by  the judgment,  and, as  the defendants have not appealed therefrom, the judgment is conclusive upon this court, and no alleged error therein in favor  of  the plaintiffs can now be considered  by  this court.   The circuit court  is  directed  to modify the judgment in favor of the defendants as  above indicated;  and as modified it is affirmed.   As the judgment is modified neither party will recover costs of the other, and the clerk's costs will be paid by the appellants.


FULLER, J., dissenting.