## MURPHY V. PIERCE.

Laws, 1891, p. 78, c. 24 § 1 provides that every person in the actual possession of lands under claim and color of title for 10 successive years, who also during such time shall have paid all taxes, shall be held to be the legal owner of the lands. In a suit to quiet title, it appeared that an Indian entered the land as a homestead in 1877, obtained patent in 1884, and died in 1886. Defendant claimed under a deed from his heirs, exe-

cuted in 1887, and also under a tax deed executed in 1884. Held, that whether or not the deed and tax deed were void because executed within five years of the issuance of the patent, they constituted color of title, within the act.

(Opinion filed July 1, 1903.)

Appeal from circuit court. Grant county. Hon. J. H. McCoy, Judge.

Action by George W. Murphy against J. O. Pierce. Judgment for defendant. Plaintiff appeals. Affirmed.

*H. H. Potter* and *I. O. Curtiss,* for appellant.

*George S. Rix,* for respondent.

CORSON, J. This is an action to quiet title to a quarter section of land in Grant county. The findings and judgment were in favor of the defendant, and the plaintiff appeals.

The plaintiff and appellant claims title through the heirs of one Isaac Barker, an Indian, who entered the land as a homestead in 1877, obtained patent therefor in 1884, and died in 1886. The deed to the plaintiff bears date of May 27, 1901. The defendant claims title under a prior deed executed by the heirs of Isaac Barker, deceased, bearing date of July 8, 1887, and also under a tax deed executed by the county treasurer of Grant county in 1884, and payment of taxes for 10 successive years prior to the commencement of this action, by him and his grantors.

It is contended by the appellant that the deed from the heirs from said Isaac Barker, deceased, to the grantors of the defendant, was executed within five years after the government patent issued to Barker, and was therefore void, as being in contravention of the statutes of the United States. He also contends that the tax deed under which the defendant

claims was absolutely void at the time of its execution, for the reason that the lands of an Indian are not subject to taxation or sale until five years have elapsed after the issuance of the patent.

It is insisted on the part of the respondent that the law of the United States providing that the land of an Indian shall not be alienated or incumbered within five years succeeding the issuance of the patent, and that the same shall not be taxed, does not apply to the deceased, for the reasons: (1) That there is nothing in the homestead proofs or patent indicating that said Barker was an Indian; (2) that the sale referred to by the appellant has no application to an Indian who has severed his tribal relations and become a citizen of the United States, and enters the land as an ordinary homesteader.

In the view we take of the case it will not be necessary to pass upon these questions, for the reason that we are of the opinion that the deed from the heirs of Isaac Barker, deceased, to the defendant's grantor, and the tax deed, were both sufficient to constitute color of title in the defendant and his grantors, and entitle the defendant to the benefit of the provisions of chapter 24 of the Laws of 1891, p. 78. Section 1 of that act provides that "every person in the actual possession of lands or tenements under claim and color of title made in good faith, and who shall have continued for ten successive years in such possession, and shall also during such time have paid all taxes legally assessed, * * * shall be held and adjudged to be the legal owner of the said lands." Section 2 of said act makes a similar provision as to persons having "color of title made in good faith to vacant unoccupied lands." The above act was approved February 9, 1891, and took effect July 1st of that

17 S. D.—12

year.   In Parker v. Vinson, 11 S. D. 381, 77 N. W. 1023, this court held that "defendant, holding in good faith under a void tax deed, is entitled to recover his improvements," as such deed constitutes color of title.   The same rule must be applied to the act in question.

It is not material, for the purposes of this decision, whether the deed from the heirs of Isaac Barker to the plaintiff's grantor, and the tax deed under which the plaintiff claims title, were or were not void.   They purported to convey the title, and that is sufficient to constitute color of title.   Wood v. Conrad, 2 S. D, 334, 50 N. W. 95.   It is stipulated in the abstract in this case that the action was commenced on the 12th day of August, 1901, over 10 years and 1 month after the act took effect.   The contention, therefore, that the court below construed the statute as retroactive, would not seem to be sustained. The plaintiff in this action, or his grantors, had the full period of 10 years in which to commence the action after the law of 1891 took effect.   Assuming, therefore, without deciding, that 10 full years must elapse after the law took effect, as was held in the case of Bruce v. Schuyler, 4 Gilman, 221, 46 Am. Dec. 447, before a party could claim the benefit of the law, in the case at bar the full time had elapsed between the time of the taking effect of the law and the commencement of the action.

It is further contended by the appellant that it was not shown by the defendant that either he or his predecessors in interest had paid the taxes for a period of 10 successive years, but the court must have, in effect, so found, and we think the same is fully supported by the evidence.   Owing to the loss of the tax receipts, and the destruction of the courthouse of Grant county by fire, the defendant had some difficulty in showing

the payment of the taxes for each year during the 10 years preceding the commencement of the action;-but the oral evidence, taken in connection with the records, was sufficient to satisfy the court that the taxes had been regularly paid.

It is contended by the appellant that the description of the property in the assessment roll was insufficient. and that therefore the evidence contained therein that the taxes had been paid was not competent evidence; but, in our opinion, while the description may have been insufficient to pass the title—a point we do not decide—still we think the description was sufficient for the purpose of showing that the taxes had been paid by the defendant and his grantors, and hence the court was right in holding that the evidence of payment of the taxes was competent andr sufficient.

The defendant, therefore, brought himself within the provisions of the statute. He had color of title made in good faith, and he had paid all the taxes assessed on the property for a period of 10 successive years. Upon these facts, he was entitled to be "deemed and adjudged to be the legal owner of the said * * * land to the extent and according to the purport of his paper title."

The judgment of the court below, and order denying a new trial, are affirmed.

FULLER, J., taking no part in the decision.