EDWIN YOUNGS v. MARIA CUNNINGHAM ET AL.

*Ejectment—Admissions in disparagement of title—Statements explaining character of possession—Facts known to decedent.*

1. Ejectment against the widow and heirs of one who had been in possession long enough to claim adversely was brought by a recent grantee of the previous owner. *Held*, that defendant could show admissions in disparagement of his title, made by such grantor, while defendant's ancestor was in possession. Defendant could also prove statements by decedent, showing that his possession was meant to be adverse.

2. The rule that facts known only to a decedent and to one adversely interested cannot be shown by the latter applies where the latter is the responsible grantor of plaintiff in ejectment and decedent is defendant's ancestor in title.

Error to Lenawee. (Howell, J.) May 5.—June 3.

EJECTMENT. Plaintiff brings error. Affirmed.

*B. F. Graves* for appellant.

*Millard, Weaver & Weaver* and *Bean, Underwood & Lane* for appellees, cited as to the admissibility of declarations made by the holder of title: *Chadwick v. Fonner* 69 N. Y. 404; *Pitts v. Wilder* 1 N. Y. 525; Abbott's Trial Ev. 711; *Fellows v. Fellows* 37 N. H. 75, 84; *Adams v. French* 2 N. H. 389; and as to declarations in explanation of the character of one's possession: 1 Greenl. Ev. § 109; *Hodgdon v. Shannon* 44 N. H. 572; *Sparrow v. Hovey* 44 Mich. 63; as to the exclusion of evidence as coming within the spirit of the rule that one cannot testify to facts known only to himself and to some one adversely interested: *Mundy v. Foster* 31 Mich. 313; *Bachelder v. Brown* 47 Mich. 367; *Weinstein v. Patrick* 75 N. C. 344.

CHAMPLIN, J. Plaintiff brought ejectment to recover possession of forty-five acres of land in the township of Ogden, Lenawee county, which he claims in fee. The defendants are the widow and children of George Cunning-

ham, who died upon the premises in question on the 22d day of February, 1883. The premises were purchased by B. F. Cunningham, the father of George, from one Joel Skinner, in 1865, and the paper title remained in him until March 10, 1883, when he conveyed the property to the plaintiff in this suit. It is claimed by the defendants that they are entitled to hold the land as the widow and heirs-at-law of George Cunningham, and that he acquired title thereto by fifteen years' adverse possession against B. F. Cunningham. The plaintiff claims that George Cunningham went into possession in 1867 or 1868, as the tenant of B. F. Cunningham, and so occupied to the time of his death, and that his possession was not adverse.

All the questions presented by the assignments of error arose upon the ruling of the court in the reception or rejection of evidence. The first and third assignments of error relate to the admission of testimony showing admissions made by B. F. Cunningham while he held the legal title, in disparagement of his title, while George was in possession of the premises and before plaintiff purchased. The testimony was admissible. Greenl. Ev. §§ 181, 189. The second and fourth errors alleged relate to statements made by George Cunningham, the deceased, in his life-time, while in possession, explaining the nature and character of his possession. The testimony was admissible for the purpose of showing the character of the possession, and that it was adverse. The intention with which possession is held constitutes the very essence of adverse possession, and the assertion of the occupant with reference to the nature of his possession is competent evidence to prove intent. *Bower v. Earl* 18 Mich. 367.

The other assignments of error deserving of attention relate to the rejection of the testimony of B. F. Cunningham with respect to facts which, if true, were equally within the knowledge of George Cunningham, the deceased. The court held the witness incompetent to testify to such facts, for the reason that within the meaning of the statute he was a party to the suit. The ruling was correct. The witness had executed to plaintiff a warranty deed of the land in

question. He was under covenant to sustain the title, and the suit was in effect his suit to try the title to the land. If not within the express letter, he comes within the meaning and spirit of the statute, and is precluded thereby from testifying to facts equally within the knowledge of the deceased. We discover no errors in the record, and the

Judgment is affirmed.

The other Justices concurred.