Clark Knapp, Appellant, v. George W. Paine.

**Title:** ESTOPPEL. Plaintiff and his grantor had for nearly thirty years asserted title and paid taxes on certain land, under a patent from the United States, with the knowledge of the defendant's grantors. Defendant claimed that the land was swamp land, ceded to the state by act of congress of September 28, 1850, whence his title originally came, and each grantor in defendant's line of title had conveyed by quitclaim deed to defendant's immediate grantor, with nominal consideration, and specially reserving the right to any indemnity which might thereafter be granted by the United States in case of failure of title in the state. It is doubtful if the land is "swamp land." Defendant makes no offer to refund taxes. *Held*, that defendant was estopped from denying plaintiff's title. *Hays v. McCormick*, 83 Iowa 89, *distinguished*. *Peole v. Paine* follows this judgment by stipulation.

*Appeal from Carroll District Court.*—Hon. Charles D. Goldsmith, Judge.

Saturday, May 25, 1895.

Action to quiet title to a quarter section of land in Carroll county. Decree for defendant, and the plaintiff appealed.—*Reversed.*

*Warren Walker, John E. Craig,* and *F. M. Powers* for appellant.

*Geo. W. Paine, M. W. Beach,* and *C. C. Cole* for appellee.

Granger, J.—The issues involve the claims of the respective parties to the title to the northeast quarter of section 2, in township 83 north, range 34 west, of the fifth principal meridian. The plaintiff's claim of ownership is by warranty deed from Benjamin Knapp,

dated December 6, 1863. Benjamin Knapp's title was by patent from the United States dated May 1, 1860, and this patent issued in pursuance of an entry of the land made March 12, 1858, under a bounty land warrant issued to Benjamin Knapp for military service in the war of 1812. The defendant's claim of title is by quit-claim deed from James Callanan and James C. Savery, dated April 23, 1890. The chain of title to Callanan and Savery is from the United States, the state of Iowa, Carroll county, and the American Emigrant Company. The validity of these conveyances depends upon the act of congress approved September 28, 1850, granting to the state certain swamp and overflowed lands. The times of the conveyances, as shown by the abstract of title on which defendant relies, are as follows: Carroll county to the American Emigrant Company, September 7, 1863; American Emigrant Company to Callanan and Savery, December 17, 1885; Callanan and Savery to defendant, April 23, 1890. Callanan and Savery are to be understood as individuals, and not as a firm, in the transaction. Whether or not the land in dispute is in fact swamp land, within the meaning of the act of congress of March 28, 1850, is a matter of much doubt, the testimony, in that regard, being decidedly in conflict. The plaintiff, to conform to the testimony, amended his pleadings, alleging that from 1859 to 1863 the land in question was regularly assessed, and the taxes paid thereon by Benjamin Knapp, and that from 1863 to 1888 they were so assessed to plaintiff, and that he paid the taxes thereon for that time; that from 1863 to 1890 the plaintiff, by his agent, was in possession of the land, and much of the time leased it; that in 1890, after defendant received his deed from Callanan and Savery, he took possession of the land, unknown to plaintiff, inclosed it with a fence, and is now in possession thereof. The plaintiff says that because of these facts the defendant is estopped to deny title to the land as

against him. This land has not, either by the state or by the general government, been listed or set apart as swamp land, within the meaning of the act. Conceding that the character of the land is not to be definitely settled because of such failure, but by proof of its actual condition as to being swampy at the time of the grant, yet in cases of doubt, and particularly as bearing upon the question of estoppel, it may be important. The record impresses us with the belief that the parties to the transaction throughout have been in doubt as to this as well as other lands conveyed at the same time being within the provisions of the grant. The American Emigrant Company took its title by quitclaim deed from Carroll county, in 1863, where the title remained until 1885, when it conveyed it to Callanan and Savery, with covenants that it had not incumbered said lands by mortgage or contract of sale, with certain exceptions, and the instrument of conveyance then provides: "This instrument is understood by the parties to convey a fee-simple title of the lands herein mentioned, without any warranty, however, except as above specifically mentioned." The deed from Callanan and Savery to defendant is a quitclaim deed only, and after the description of the land is the following: "Reserving, however, to said James Callanan and James C. Savery, their grantees and assigns, all interest in and right to demand and receive any and all indemnity or compensation of any kind from the United States, which is now or may hereafter be granted or provided on account of said land having been disposed of by the United States otherwise than under said grant of September 28, 1850." In view of the fact that this land was patented to plaintiff's grantor in 1860, the record showing the conveyance to him in 1863; that it appeared from the records that for nearly thirty years plaintiff and his grantor had paid taxes on the land to the aggregate sum of five hundred and sixty-one dollars, and

eleven cents, and none of the grantors, in the line of defendant's title, had ever, in any way, assumed such a burden; that each grantor in conveying had especially avoided a claim of title; and that by the deed to plaintiff his grantors had reserved to themselves the advantages to flow from a want of title to convey, because the government had otherwise disposed of the land, or might have done so; and the further fact that the consideration for the deed to defendant is only nominal, —the equities of the case are manifestly in favor of the plaintiff. Nor are we in doubt as to the rights of the parties upon other than equitable considerations. The showing is a conclusive estoppel in law against defendant. The American Emigrant Company held what is claimed to be the title to this land from 1863 to 1885, under a conveyance from the county that clearly manifests a doubt as to what it has a right to convey, and for twenty-two years it fails to assert title against one whom it knew to be asserting title and paying the taxes on the land. Plaintiff's deed was recorded in 1866, and for nineteen years thereafter he was permitted to exercise the rights and discharge the duties of ownership by the emigrant company, when it conveyed its interest to Callanan and Savery, who, for about five years more, permitted the same things, when the defendant takes, what the deed to him fairly indicates to be, some chances of a title. This court has frequently passed upon the effect of a quitclaim deed, holding that it gives no protection against prior equities, and we do not understand the question to be doubted in this case. See, however, *Steele v. Bank,* 79 Iowa, 339, 44 N. W. Rep. 564. This plaintiff and his grantor have for about thirty years, in good faith, under a patent title from the government, been the ostensible owners of this land to which he now seeks to have the title quieted. The only claim against such a right is a doubtful fact as to the actual character of the land as to being swampy. We are led

to believe that, up to a recent date, no one has openly treated the land as of that character, but, on the contrary, with knowledge that it was claimed, under an entry from the government, as not such land, the grantors of the defendant have acquiesced in the ownership of the plaintiff for such a length of time that neither they nor their grantee should be permitted to dispute it. See, as bearing on the question of estoppel, in somewhat similar cases, *Simplot v. City of Dubuque*, 49 Iowa, 630; *Adams Co. v. Railway Co.*, 39 Iowa, 507; *Bullis v. Noble*, 36 Iowa, 618; and *Hall v. Doran*, 13 Iowa, 368. Appellee cites the case of *Hays v. McCormick*, 83 Iowa, 89, 40 N. W. Rep. 69, as against appellant's claim of estoppel because of the payment of taxes. It will be seen that the taxes paid, in that case, were those for which the party sought to be estopped was never liable, they being assessed at a time when the land was exempt from taxation. It may also be said that the defendant is asking affirmative relief in this case without an offer to do equity in refunding the payments for which his grantors were liable, if the owners of the land, and from which, because of the character of his deed, he is in no way protected. The plaintiff should have a decree as prayed, for which purpose the cause is remanded.—*Reversed*.