ANN CASEY v. WILLIAM CASEY, Appellant.

**Co-tenancy:** ADVERSE POSSESSION. Two brothers held land as tenants in common and afterwards one moved off, and resided in the neighborhood for over thirty years, making no claim to the land,

and knowing that the other was paying, taxes, making improvements (including building a dwelling) and collecting rents. Two years after the removal, the brothers and their wives joined in mortgaging the land. At divers times the brother in possession claimed sole ownership, and for one year leased to the son of the other, with the latter's knowledge and assent. *Held*, that the brother in possession had acquired title by adverse possession.

EVIDENCE OF INTENT. Declarations of sole ownership by a tenant in common in possession are admissible to show his intent to hold adversely to those not in possession, though not made in their presence.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

THURSDAY, JANUARY 19, 1899.

ACTION in equity to quiet title to real estate. From a decree in plaintiff's favor, defendants appeal.—*Affirmed.*

*Willett & Willett* for appellants.

*L. Bullis* for appellee.

WATERMAN, J.—Plaintiff is the widow of one Timothy Casey, who died in the year 1894. Her claim to the real estate in question is founded upon the will of her husband, in which it was devised to her. Timothy Casey and his brother, the defendant William Casey, obtained title to this land jointly, a part in the year 1858 and a part in 1860. In the deeds they were both named as grantees. Both went into possession, and they continued in the joint occupation of the premises until the year 1865, when William purchased another farm some three miles distant, and moved thereon. Timothy remained in sole possession of the premises in dispute from that time until his death, and since his death such possession has been held by his widow. Plaintiff claims title by adverse possession, and also asserts that a deed was made therefor by William to Timothy, which has been lost. Both

of these claims are denied, and defendant William Casey seeks to have title to the undivided one-half quieted in him. In the year 1867, Timothy and William Casey, with their wives, joined in making a mortgage on the land, and there is evidence from two sons of William Casey that Timothy admitted that William owned an interest therein. These declarations, it is said, were made in 1892 and later. There seems to have been nothing in the conversation, as it appears in the record, to have called them out. The facts just stated, together with the fact that the last deed in the chain of title stands in the name of the two brothers as grantees, makes the case for defendants. On the other hand, the undisputed testimony shows that Timothy Casey held exclusive possession from the time his brother moved, in 1865. During that time he paid the taxes, received the rents and profits, and made various improvements upon the land. Among other of such improvements, he built a dwelling house. At different times he claimed sole ownership. Evidence of this fact was objected to, because the declarations were not shown to have been made in the presence of William Casey. But we think such evidence was admissible to prove, not the title, but the intent of the party in possession. *Youngs v. Cunningham*, 57 Mich. 153 (23 N. W. Rep. 626); *Lamoreaux v. Meyers*, 68 Wis. 34 (31 N. W. Rep. 331). Furthermore, to sustain plaintiff's claim it is shown without dispute that during all the years of Timothy Casey's occupancy of the land the defendant William lived only three miles distant, and that he was aware of many, if not all, of the improvements made upon the premises. There is no pretense of his ever exercising any act of ownership after 1865, other than his joining in the mortgage mentioned. On the contrary, we find that in the year 1893 a son of William, with the latter's knowledge and assent, leased a part of the land from Timothy and farmed it that year. These are the facts. Applying to them well-recognized principles of law, and we find that Timothy and his brother, the defendant,

were tenants in common. Exclusive occupancy by one tenant in common, accompanied by acts or declarations of sole ownership, if known to his co-tenant, will amount to an ouster. *Flock v. Wyatt,* 49 Iowa, 466; *Warfield v. Lindell,* 38 Mo. 561; *Campau v. Dubois,* 39 Mich. 274; *Cummings v. Wyman,* 10 Mass. 464; *Hubbard v. Wood,* 1 Sneed, 279. And where there is an ouster the possession of the occupying tenant may ripen into a title. Actual notice of the hostile acts and claim must be shown, but this may be done by circumstantial evidence, as in this case. In *Laraway v. Larue,* 63 Iowa, 408, the defendant was one of several tenants in common. He set up title by adverse possession, founded upon facts quite similar to the facts in this case relied upon by plaintiff. This court held the possession to be adverse, and the title based thereon to be valid, and said upon the issue: "The deed to defendant was made in March, 1854, more than twenty years prior to the commencement of this action. The land was wild prairie. The defendant took possession at once, paid the back taxes, broke and fenced the land, and built a good common farm house 16x24, and also barns, stables, and cribs. He rented it for six years, and collected the rents. Afterwards he moved upon it, and occupied it continuously as a homestead, and kept the taxes paid. * * * No one of the heirs claimed an interest in the land during this twenty years, nor claimed any rents or profits, though two of them lived near the land. * * * We cannot think for a moment that the defendant supposed he was a mere tenant in common, and held with half a dozen others, as the plaintiff contends that he did." So, in the case at bar, while the death of Timothy Casey renders it impossible to show what understanding or agreement he had with his brother when the latter removed from the land in 1865, yet we cannot think, in view of what subsequently transpired, that he supposed he was only a tenant in common with William. *Knowles v. Brown,* 69 Iowa, 11, is a case similar in principle to the one we have cited. A tenant in common was there

awarded title, based upon adverse possession, against his co-tenant. While we are unable, under the evidence, to reconcile the making of the joint mortgage by the two brothers after William had removed from the land with the claim of Timothy to sole ownership at that time, it must be remembered that the latter's death seals the lips of the only witness who could speak in plaintiff's behalf on this point. On the other hand, it is impossible to make the conduct of these two brothers during Timothy's long occupancy accord with any other theory than that there was some conveyance or contract by which Timothy acquired William's interest in this land. To the claimed declarations of Timothy to the sons of William we are not inclined to allow any weight. The time and circumstances when they are said to have been made give an air of improbability to the occurrence, and the fact said to have been stated is contradicted by all the other facts and circumstances in evidence. We see no reason to interfere with the judgment of the district court. It is just, and has support in the evidence, and is therefore AFFIRMED.