MURPHY v. DAFOE *et al.*

1. Evidence of the declarations of a person in possession of realty, that he was acting as agent, is admissible.

2. In a suit to quiet title, a finding of the court below on conflicting evidence will not be disturbed where the reviewing court is unable to say that there was a clear preponderance of evidence against it.

3. Code Civ. Proc. § 48, defines adverse possession under color of title, as consisting, among other things, in the use of the property for the supply of fuel or of fencing timber. Held, that the cutting of firewood for the use of his family, by an agent having the care and control of property, constituted an act of possession under the statute.

4. Under Code Civ. Proc. § 47, providing that when it shall appear that an occupant entered into possession under claim of title, exclusive of any other right, founding such claim on a written instrument, as being a conveyance of the premises, and there has been a continuous occupation, etc., the premises shall be deemed to have been held adversely, a tax deed under which possession is taken is sufficient color of title, though invalid.

5. A patentee of real estate left the country about 1875, and did not afterwards return. His brother lived within a mile and a half of the premises, and claimed to have been put in charge thereof, but neither paid taxes nor asserted any title after 1880. For 23 years the claimants under a tax deed paid the taxes, and made valuable improvements on the property. Held, that the patentee and his grantee were estopped from claiming the property.

(Opinion filed April 5, 1904.)

Appeal from circuit court, Union county; Hon. JOSEPH W. JONES, Judge.

Action by Andrew A. Murphy against William Z. Dafoe and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*Ira O. Curtiss* and *H. H. Potter*, for appellant.

*H. M. Wallace,* for respondents.

CORSON, P. J.    This is an action to quiet title to 120 acres of land situated in Union county, in this state.    The defendants by their answer deny each and every allegation in the first cause of action except that the defendants claim some estate or interest in said lands adverse to the plaintiff, and deny each and every allegation contained in the second cause of

action.    The defendants, for a second defense, plead the 20-
year statute of limitations.    For a third defense they plead the
10-year statute of limitations and the payment of all taxes dur-
ing that time. . For a fourth defense they plead the possession
of the premises since 1879, under a tax deed issued to their
grantors by the county treasurer of Union county on the 29th
day of December, 1879, and that the defendants are the legal
owners and holders of the said land and premises under and by
virtue of the said tax title. . For a fifth defense they allege the
execution of the said tax deed above set forth; that the defend-
ant Catherine Jane Barker, now deceased, in June, 1883, became
the owner of the said property, and entered into possession in
good faith, and has made improvements on the said property
of the value of about $1,600.    For a sixth defense the defend-
ants allege the execution and delivery of the said tax deed;
that the defendant Catherine Jane Barker purchased the said
premises at their full value and in good faith, relying on the
validity of the said treasurer's deed, and believing that the
same was good and valid; that E. M. Morris, who was the original
patentee of the said premises, abandoned the same more than
25 years ago, and he and his grantees have by reason there-
of forfeited and lost any claim thereon and any right of action
against the defendants therefor. The court finds the facts sub-
stantially as alleged in the several defenses, and concludes, in
substance: (1) That the plaintiff has no cause of action; (2)
that the deed from said Edgar M. Morris to the plaintiff was
inoperative to convey to him any title, said Edgar M. Morris
not having been seised or possessed of the premises described
therein or any part thereof within 20 years next preceding the
making of said deed; (3) that said deed was inoperative to as-

sign to plaintiff any right to the rents and profits of said premises, said deed being inoperative to convey title, and the attor ney in fact who executed said deed not being authorized to assign the rents and profits; (4) that the plaintiff and his said grantor, Edgar M. Morris, having been guilty of great laches, neglect, and delay herein, and in asserting a claim to said premises, and by reason thereof, have forfeited and lost any claim therein or right of action against defendants, and any right plaintiff may have had against said Catherine Jane Barker, deceased; (5) that the treasurer's deed to said C. W. Marsh and W. W. Marsh transferred and conveyed to them a good and indefeasible title in fee simple to said premises; (6) that for more than 20 years prior to the commencement of this action, said premises had been held adversely by said Catherine Jane Barker and her grantors; (7) that said Catherine Jane Barker was at the date of the trial herein, and her estate and the defendant J. Griffin Conly, as administrator thereof, now is, the owner of the said premises in question herein; (8) that defendants are entitled to a judgment and decree dismissing plaintiff's cause of action, and adjudging that he has no right, title or interest in the premises in question herein, and that said Catherine Jane Barker was the owner thereof at the date of the commencement of this action and at the time of the trial hereof, and that her estate and the defendant J. Griffin Conly, as administrator thereof, now is the owner thereof, and that the title thereto be quieted accordingly. From the judgment entered on the decision of the court, and the order denying a new trial, the plaintiff has appealed.

Since the trial of this case the said defendant Catherine Jane Barker has departed this life, and J. Griffin Conly has been substituted as her administrator.

It is contended by the appellant that the court erred in holding that the tax deed was valid; that the court erred in holding that the plaintiff was barred by 20 years' adverse possession; and in holding that the plaintiff was estopped from claiming the property by reason of the laches of the plaintiff's grantor. The court seems to have based its decision upon the finding that the plaintiff's action was barred by the 20-year statute of limitations, and also upon the fact that the plaintiff was estopped from asserting any claim to the said premises by reason of the laches of said plaintiff's grantor, and that he had thereby forfeited and lost any claim he had thereon or right of action therefor. In view, therefore, of the fact that the court has not based its decision upon the 10-year statute of limitations, we do not deem it necessary to discuss or consider that question in this opinion.

It is contended by the appellant that the evidence was insufficient to support the court's finding and conclusion of law that Catherine Jane Barker and her grantor were in exclusive possession of the premises for more than 20 years prior to the commencement of this action. It appears from the evidence that as early as 1880 one Osborne, while upon the land and cutting timber thereon, stated that he was acting as the agent of the Marshes. This evidence was objected to, but admitted, and exception taken. We are of the opinion that the evidence was properly admitted. Osborne, being in possession of the premises, would ordinarily be presumed to be the owner; hence his statements, while in such possession, that he was acting as the agent of the Marshes, was in disparagement of his own title, and was therefore admissible. Upon this subject Mr. Greenleaf, in his work on Evidence (section 109), says:

"In regard to the declarations of persons in possession of land, explanatory of the character of their possession, there has been some difference of opinion, but it is now well settled that declarations in disparagement of the title of the declarant are admissible as original evidence.    Possession is prima facie evidence of seisin in fee simple, and the declaration of the possessor that he is tenant to another, it is said, makes most strongly against his own interest, and therefore is admissible." Lowman v. Sheets, 124 Ind. 416, 24 N. E. 351, 7 L. R. A. 784; Rutledge v. Hudson, 80 Ga. 266, 5 S. E. 93; Youngs v. Cunningham, 57 Mich. 153, 23 N. W. 626; Casey v. Casey, 107 Iowa 192, 77 N. W. 844, 70 Am. St. Rep. 190; Stockton Bank v. Staples, 98 Cal. 189, 32 Pac. 936; Cannon v. Stockmon, 36 Cal. 536; 95 Am. Dec. 205; Lick v. Diaz, 44 Cal. 479; Brown v. Kohout, 61 Minn. 113, 63 N. W. 248; Elwood v. Saterlie, 68 Minn. 173, 71 N. W. 13.   It is true there was evidence tending to prove that Osborne, in cutting the wood and looking after the premises, was acting as the agent of E. M. Morris, pattentee of the property; but, as the evidence was conflicting, the court's finding that Osborne was in fact acting as agent for the Marshes cannot be disturbed, as we are unable to say that there was a clear preponderance of the evidence against the finding of the court.   Randall v. Burk township, 4 S. D. 337, 57 N. W. 4.

It is further contended that assuming that Osborne was acting as the agent of the Marshes in looking after the property and cutting timber thereon, yet that his possession does not constitute such an adverse possession as is required by section 48 of the Code of Civil Procedure, which defines adverse possession as follows:   "For the purpose of constituting

an adverse possession, by any person claiming a title founded upon a written instrument, or a judgment or a decree, land shall be deemed to have been possessed and occupied in the following cases: 1. Where it has been usually cultivated or improved. 2. Where it has been protected by a substantial inclosure. 3. Where, although not inclosed, it has been used for the supply of fuel or of fencing timber for the purposes of husbandry, or the ordinary use of the occupant. 4. Where a known farm or a single lot has been partly improved, the portion of such farm or lot that may have been left not cleared or not inclosed according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated." It will be observed that by the third subdivision, if the land, though not inclosed, has been used for the supply of firewood, it is deemed to be in the adverse possession of the party claiming under a paper title. Where, as in the case at bar, the property is under the care and control of an agent, the cutting of firewood by such agent for the use of his family is an act of possession of his principal, within the meaning of the statute. By the preceding section it is provided that "whenever it shall appear that the occupant or those under whom he claims enters into possession of the premises under claim of title, exclusive of any other right, founding such claim upon a written instrument as being a conveyance of the premises in question, * * * and that there has been a continued occupation and possession of the premises included in such instrument, * * * or of some part of said premises under such claim for twenty years the premises so included shall be deemed to have been held adversely." To constitute such adverse possession the

essential requirement seems to be that the party shall enter under a claim of title exclusive of any other right, founding such claim upon a written instrument, etc.   In the case at bar it clearly appears that the Marshes claimed the property under their tax deed, and whether that tax deed was valid or invalid it is not necessary now to inquire.   It was a written instrument, and purported to convey the premises in question.  Such a conveyance, even void upon its face, constitutes color of title, and is sufficient for the purpose of founding a claim of title by adverse possession.   Parker v. Vinson, 11 S. D. 381, 77 N. W. 1023; Murphy v. Pierce, 17 S. D. 207, 95 N.W. 925.   If the tax deed had conveyed a good title, there would have been no necessity for the party relying upon adverse possession. The 20-year adverse possession taken in connection with the fact that the party entered under a written instrument, even though defective, constitutes a good title as against the plaintiffs.

The trial court also based its decision upon finding numbered 13, which is as follows:   "That the said Edgar M. Morris abandoned said land more than twenty-five years ago, and that since the year 1875 said Morris has paid no taxes thereon, * * * nor at any time since said year exercised any act of ownership over the same;" and the conclusion of law based thereon, which reads as follows:   That plaintiff and his said grantor, Edgar M. Morris, have "been guilty of great laches, neglect, and delay herein and in asserting a claim to said premises, and by reason thereof have forfeited and lost any claim therein or right of action against defendants, and any right plaintiff may have had against said Catherine Jane Barker, deceased."   It is quite clear from the evidence that Edgar M.

Morris, the patentee of the land, left the country in or about 1875, and has not since returned; that a brother of the said Morris lived within 1½ miles of the said premises, and that, while he claims to have been put in charge of the property by his brother, he, so far as the evidence discloses, neither paid the taxes thereon nor has asserted any title thereto since 1879 or 1880. For 23 years Catherine Jane Barker and her grantors, have paid the taxes upon the said property, amounting to $482, and she had made, as we have seen, valuable improvements on the property, found by the court to be of the value of $1,541. The conclusion of the court, therefore, that the said E. M. Morris had forfeited and lost any claim that he might have had to said property, is fully sustained by the evidence.

This court in Wampol v. Kountz, 14 S. D. 334, 85 N. W. 595, 86 Am. St. Rep. 765, a case quite similar to the one at bar, held that the plaintiffs were estopped from claiming the property as against the purchaser and party in possession. It is true, there were some facts in that case not appearing in the case at bar, but the doctrine settled by that case is applicable to the case before us. In the opinion the court said: ''By the application of this doctrine, that silence estops those whose duty it is to speak, one who passively, wilfully, and knowingly suffers another to purchase and expend money on land under an honest, though erroneous, belief, based upon the county records, that the grantor's title is perfect, should not so long afterwards be permitted to exercise against such purchaser any previously existing, though undisclosed right of ownership.'' In Wendell v. Van Rensselaer, 1 Johns. Ch. 344, Chancellor Kent says: ''There is no principle better established in this

court, nor one founded on more solid considerations of equity and public utility, than that which declares that if one man knowingly, though he does it passively, by looking on, suffer another to purchase and expend money on land, under an erroneous opinion of title, without making known his claim, he shall not afterward be permitted to exercise his legal rights against such person." In Taylor v. Whitney, 56 Minn. 386, 57 N. W. 937, the Supreme Court of Minnesota says: "Where a party has slept upon his claim or cause of action for a period of more than thirty-three years without any reasonable explanation of the cause of delay, the claim should be deemed stale, and his laches constitute a bar to his maintaining an action thereon." And in Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495, the learned court says: "The plaintiff, at the time, knew of the foreclosure sale, but for nearly twenty years thereafter asserted no claim to the land, and exercised none of the rights and performed none of the duties of ownership," and the court held that the plaintiff was estopped by his conduct from asserting the invalidity of the foreclosure. In Barnard v. Ger. Am. Seminary, 49 Mich. 444, 13 N. W. 811, the Supreme Court of Michigan held, as appears from a headnote, that "estoppels in pais are called 'equitable estoppels' because they arise upon facts which render their application, in the protection of rights, equitable and just, and they are just as readily and freely recognized in courts of law as in courts of equity." Shelby v. Bowden, 16 S. D. 531, 94 N. W. 416; Knapp v. Paine, 95 Iowa 64, 63 N. W. 575; Gillespie v. Sawyer, 15 Neb. 536, 19 N. W. 449; Pitts v. Seavey, 88 Iowa 336, 55 N. W. 480; Duke v. Griffith, 13 Utah 361, 45 Pac. 276.

We are of the opinion that the court was clearly right in

finding that Edgar M. Morris had abandoned the property, and in its conclusion that he and his grantee were estopped from claiming the property as against the defendant Catherine Jane Barker.

In the view we take of the case, we have not deemed it necessary to discuss the validity of the tax deed to C. W. and W. W. Marsh, and we therefore express no opinion upon the question as to whether the defects claimed to exist in said deed by the plaintiff constitute such defects as to render the tax deed void upon its face.

Finding no error in the record, the judgment and order denying a new trial are affirmed.