## TIMBER v. DESPAROIS.

1. Evidence in an action to quiet title to land held sufficient to sustain a finding that a deed executed by mark was executed by plaintiff, though the name written in was spelled differently from hers.

2. A certificate of acknowledgment of a married woman stating that she, on a "separate" examination,.apart from her husband, acknowledged the deed, sufficiently shows compliance with Laws 1865-66, p. 95, § 521, providing that acknowledgment of a married woman shall be on a "private" examination, apart from her husband.

3. Failure of one for over 20 years to pay taxes on property or exercise any acts of ownership over it, during which time one who received a deed thereof from the grantee in a deed purporting to have been executed by her has improved and occupied it, is evidence of abandonment by her.

(Opinion filed December 7, 1904.)

Appeal from circuit court, Union county; Hon. JOSEPH W. JONES, Judge.

Action by Amelia Missouri Timber against Mary Desparois. Judgment for defendant. Plaintiff appeals. Affirmed.

*J. A. Miller* and *Winsor & McNaughton*, for appellant.

*E. J. Stason* and *Ericson & Stickney*, for respondent.

CORSON, P. J. This was an action to quiet title to a quarter section of land situated in Union county. The plaintiff claims title under and by virtue of a United States patent issued to her by the name of Amelia Reulo, a half-breed of the Yankton tribe of Indians, and wife of Charles Reulo. The defendant claims title to the same land by virtue of a deed purporting to have been executed by Emily Rulo and Charles Rulo to August Traversie. The patent bears date of the 17th day of December, 1874, and was filed for record July 24, 1875. The deed purporting to have been signed by Emily Rulo and Charles Rulo, by their marks, was executed the 31st day of July, A. D. 1867, some eight years prior to the execution of the patent by the United States to Amelia Reulo. The following is a recital in the patent: "Whereas, by the 7th article of

the treaty concluded on the 9th of April, 1858, between the commissioners on the part of the United States, and the chiefs and delegates of the Yankton tribe of Sioux or Dakota Indians, the half-breed Yankton, wife of Charles Reulo, namely, Amelia Reulo, became entitled to one half section in fee;" and then proceeds to grant and describe the half section, the half of which is in controversy in this action. In that recital it will be noticed that the plaintiff was entitled to the half section by virtue of the treaty made in 1858, some 10 years prior to the alleged execution of the deed by the plaintiff to Traversie, through whom the defendant deraigns her title. The deed as before stated, purported to be executed by the said Emily Rulo and her husband as Charles Rulo. The certificate of John Currier, notary public, before whom the acknowledgment of Emily Rulo and Charles Rulo were taken, gave the names as before stated, Charles Rulo and Emily Rulo.

The court, in its findings of fact, found that on December 17, 1874, the United States issued its patent to the plaintiff by the name of Amelia Reulo, and that on July 31, 1867, the plaintiff, under the name of Emily Rulo, together with her husband, Charles Rulo, sold and conveyed the premises to August Traversie; that the grantee in said deed took possession of said land under the same about the year 1872, and remained in possession of the same until the great flood in the spring of 1881, when said premises were covered by the overflow of the Big Sioux and Missouri rivers to such an extent that the fences thereon were partially destroyed and rendered the land unfit for occupation and cultivation; that said August Traversie and wife, on December 16, 1880, sold and by a warranty deed conveyed to one Desparois the premises in contro-

versy; that about March or April, 1881, said Desparois, by his employees, commenced the cultivation of said premises and the repairs of the fences, and remained in actual possession and occupation of the same under said deed until September, 1895, when he conveyed the same to the defendant; and that for more than 20 years prior to the commencement of this action the entire premises in controversy had been substantially inclosed by a permanent fence; that since the date of said deed the defendant has been in continuous and actual possession of said premises, cultivating the same and maintaining a substantial inclosure around the same; that said premises for more than 20 years prior to the commencement of this action had been cultivated and used for tillage and meadow purposes, and in accordance with the usual course of husbandry in said county, by the defendant, her husband, and his grantor, August Traversie; that the plaintiff has never paid any taxes upon said premises, or any portion thereof; that the plaintiff has at no time resided on said land, or in any way occupied the same, or at any time cultivated or improved the same, and has never received any pay from said Traversie or any one for the use of said premises; that the plaintiff at all times since July 16, 1867, has resided either at Rulo, Neb., or at the Yankton or Ponca agencies, the two latter places being within 92 miles of said premises; that plaintiff had knowledge about the year 1886 of the fact of the transfer of said land by said Traversie to N. Desparois, as above found, and had actual knowledge in 1881 and subsequently that others were cultivating said land and improving the same; that the plaintiff at no time since the execution of said deed on July 31, 1867, made any demand upon defendant or her grantor, or upon any person, for the posses-

sion of said premises, until about March 4, 1900.   From these facts the court concludes that the defendant is the owner in fee simple of the premises in controversy, that the plaintiff has no title to or interest therein, and that the defendant is entitled to the decree and judgment dismissing the action.

The appellant contends that the plaintiff was entitled to the land by virtue of the treaty of 1858, and also under and by virtue of the patent in which she was described by the name of Amelia Reulo and not as Emily Rulo, which name purports to be signed to the deed conveying said property in controversy to said Traversie; that the court erred in admitting in evidence the said deed, for the reason that the same does not purport to be executed by Amelia Reulo, but by one Emily Rulo; and that the certificate of acknowledgment of the deed was not sufficient to entitle the deed to be recorded under the statutes of this state.

It clearly appears from the evidence of Mr. SMYTHE, county judge of Union county, who testified that he was familiar with the French language, and Amelia in French has substantially the same sound as Emily in English.   This evidence is not contradicted, and in view of the fact that the plaintiff and her husband signed the purported deed by making their marks we are of the opinion that the court was justified in holding that the purported signatures of Emily Rulo and Charles Rulo were in fact the signatures of Amelia Reulo and Charles Reulo, and that the scrivener in writing the deed and the notary in taking the acknowledgment gave the names as nearly as they could by sound in English.   The trial court, in taking this view of the deed, was not only exercising his own judgment in holding that Emily Rulo and Amelia Reulo were in fact one and the

same name, but this view was supported by the verdict of the special jury, who, after a careful examination of the evidence, arrived at the same conclusion. It is true the plaintiff in her testimony denied making any deed or selling the property to Traversie, but she nowhere denies in terms that she executed the original deed, a copy of which was introduced in evidence. The testimony of the plaintiff upon this subject is as follows: "I never received any pay of any kind from Mr. Traversie for this land or its use. I never sold Traversie any land." It is significant, therefore, that the plaintiff nowhere denies in her testimony that she executed the original deed by making her mark thereto, and acknowledged the same before the notary public. The trial court accepted and approved all the findings of the jury, and we are unable to say that the evidence in the case preponderates against the findings of the court.

It is further contended by the appellant that the court erred in admitting the deed purporting to have been executed by the plaintiff and her husband, for the reason that her acknowledgment was not in accordance with the laws of this state, and that, therefore, the deed was not entitled to record, and no certified copy of it was admissible in evidence. The law in force at the time provided: "The acknowledgment of a married woman to an instrument, purporting to be executed by her, cannot be taken within this territory, unless she acknowledges to the officer, on a private examination, apart from her husband, that she executed such instrument freely, and without any compulsion or fear of her husband." Section 521, p. 95, Laws 1865-66. The part of the acknowledgment in this case necessary to be considered is as follows: "And the said Emily Rulo on a separate examination apart from her husband

acknowledged that she executed the foregoing deed of her own free will, and without fear or compulsion of her husband or of any other person. Witness my hand and official seal the day and year last above written. John Currier, Notary Public." It will be observed that in this certificate the notary certifying that the "said Emily Rulo on a separate examination apart from her husband" used the word "separate" instead of private. We are of the opinion that the claimed defect in this acknowledgment is not sufficiently material to exclude the deed from record. The word "separate" imports that the acknowledgment of the plaintiff was taken by a private examination. Webster's International Dictionary defines the adjective "private" as follows: "Personal, separate, sequestered from company or observation, secret, secluded, lonely, solitary." It would seem, therefore, that "private" and "separate," as defined by this lexicographer, mean substantially the same thing. It would seem, therefore, that the use of the word "separate" instead of "private" cannot be regarded as a defect in the acknowledgment that would have the effect of excluding the original deed from record. In Wilson v. Russell, 4 Dak. 376, 31 N. W. 655, the territorial Supreme Court held that a substantial compliance with the form of acknowledgment required by the statutes is sufficient. This court has also held in Cannon v. Deming that a certificate substantially complying with the statute is sufficient. 3 S. D. 421, 53 N. W. 863. Undoubtedly, the certificate of acknowledgment must be in substantial compliance to the requirements of the statute, but it will not be held defective where there is such a compliance, though not using the exact language of the statute, when the language used is equivalent to that required by the statute.

18 S. D.—38

It is insisted by the respondent that the plaintiff is estopped from prosecuting this action by laches on her part, and the trial court seemed to take this view of the case. It appears from the findings of the court and from the undisputed evidence that the plaintiff has never paid any taxes upon the property, has never made any improvements thereon, has never in fact occupied the premises since the execution of the deed purporting to be executed by her to Traversie. It is true she claims that Traversie occupied it by her permission, and who conveyed the same to Desparois, the husband of the defendant, as early as 1880, and, so far as the record discloses, the plaintiff made no objection to the occupancy of the premises by Desparois and his wife until one month prior to the commencement of this action. The neglect of the plaintiff for such a lapse of time to pay taxes upon the property or exercise any acts of ownership over the same is clearly evidence of abandonment on her part.

The question of laches and abandonment has been so fully discussed in Murphy v. Dafoe, 18 S. D. 42, 99 N. W. 86, that we do not deem it necessary to give the subject further consideration on this appeal.

The judgment of the circuit court and order denying a new trial are affirmed.