## SKELLY *et al.* v. WARREN.

1. Comp. Laws Dak. 1887, § 5455, declares that, in an action for the recovery of real property upon which permanent improvements have been made by a defendant claiming to hold under color of title in good faith, the value of such improvements must be allowed as a counterclaim. Defendant, in action for the recovery of real property, testified as to his title, that "permission is given by the H. Company [a third party] to put up buildings, and that kind of title is given, which we regard as just as good as a warranty deed, unless the H. [Company] needs the ground for mining purposes, and under these circumstances there is an understanding that a person must move his buildings off," etc. Held not to be color of title within the statute.

2. In an action for the recovery of real property, wherein defendant counterclaimed for the value of improvements erected thereon by him, claiming the right to recover therefor solely by virtue of a statute, and not setting up any equitable ground therefor, he could not avail himself of the equitable powers of the court.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Action by John H. Skelly and Theresa M. Evans against Edson C. Warren. Judgment for plaintiffs, and from an order denying a new trial defendant appeals. Affirmed.

*C. E. Davis,* for appellant.

A description by government subdivisions is insufficient to charge the purchaser with notice. Beard v. Dansby 48 Ark. 186; Shepherd v. Jernigan 10 S. W. Rep. 765; 16 Am. & Eng. Cyc. Law. 88 and cases cited. (2 Ed.) Color of title does not depend on an indefeasable estate. Wood v. Conrad 2 S. D. 334. Color of title depends on the terms of a present grant, coupled with good faith in receiving it. 16 Am. & Eng. Enc. Law 2 Ed. 81.

*McLaughlin & McLaughlin,* for respondents.

The counterclaim was fatally defective, it did not cover the requirements of Sections 5455 and 5456 Comp. Laws. Oral permission to occupy lands would not be color of title, it is merely a license subject to be revoked at any time. Seymour v. Cleveland 9 S. D. 94.

The general requisite to the support of a claim for compensation for improvements is that the possession of the occupant should have been adverse to the title of the true owner; one who holds possession by permission of another whose title he recognizes is not entitled to compensation even though improvements were made with an honest expectation that he would subsequently acquire title from the owner. 16 American & Engl. Encyclopedia of Law, 2nd. Ed. 82, and cases cited, Seymour v. Cleveland, 9 S. D. 94.

The grantor of defendant and defendant did not occupy

in good faith.   By good faith is meant: An honest belief on the part of the occupant that he has secured a good title to the property in question and is the rightful owner thereof, and for this belief there must be some reasonable grounds such as would lead a man of ordinary prudence to entertain it.   16 American & Engl. Enc of Law, 2nd Ed. 85 Seymour v. Cleveland, 9 S. D. 94.

The defendant cannot claim under the statute, because the mistake is one caused wholly by his own negligence.   Mitchell v. Bridgman, 71 Minn. 360, 74 N. W. Rep.   142;  Foley v. Kirk, 33 N. J. Eq. 170; Schroll v. Klinker, 15  Ohio 152;  Greenwood v. McLeary, 25 S. W. Rep. 708.

CORSON, J.   The plaintiffs, claiming to be the owners of a quartz-mining claim in Lead City, brought this action to recover possession of a portion thereof held by the defendant, and to enjoin the defendant from moving a certain building therefrom which had been partially erected by his grantor and completed by himself.   A verdict was directed by the court in favor of the plaintiffs, upon which a judgment was entered, and from the order denying a new trial the defendant has appealed.

The action to recover the possession of the premises is in the usual form, and the plaintiffs joined with the same a cause of action, alleging, in substance, that the defendant was about to remove from the premises the building erected thereon, and prayed that he might be enjoined from so doing.

The defendant in his answer  by way of counterclaim, alleges that "on the 2d day of October, 1899, this defendant purchased of one E. T. Morgan the premises in controversy in

this action, being the house and lot, for the sum of $175, which amount was paid in cash, and under the belief that this defendant's grantor, who was then in possession of the premises, was the owner and had good right and authority to sell and convey the same, and at all times acted in good faith, and under the belief that the defendant was the owner thereof; and, while holding under color of title thus acquired, made valuable and substantial improvements upon the said lot, by enlarging the house thereon, and grading and surfacing up the said lot, and improving the same; that the improvements put upon the said lot by this defendant were reasonably worth the sum of six hundred dollars, and that the lot has been improved by the improvements made thereon. Wherefore this defendant prays: That the plaintiffs take nothing by their suit; * * * that the court adjudge and decree the value of the improvements placed thereon by this defendant; and that the cout render its judgment against the plaintiffs for the said amount." On the trial the defendant sought to introduce in evidence the deed from his grantor to himself, and also to prove all the facts and circumstances connected with the making of the improvements; but this evidence was, on objections of the plaintiffs, excluded by the court. The appellant contends that, in excluding this evidence and directing a verdict for the plaintiffs, the court committed error for which a new trial should be granted.

It is insisted, however, on the part of the plaintiffs, that the counterclaim set up by the defendant does not state facts sufficient to constitute a defense or counterclaim to the action; that the deed offered does not purport to convey a fee-simple title; and that, as the premises in controversy constitute a part

of a mining claim, the respondent could not have made his improvements in good faith and under color of title, for the reason that he was charged with the knowledge that such property is not subject to location for residence purposes.

Undoubtedly, the plaintiffs are right in their contention that the defendant was not entitled to recover the value of his improvements under the provisions of sections 5455, 5456, Comp. Laws Dak. 1887, for the reason that he was notified by his deed, and admits in his testimony, that he knew that his grantor did not claim to be the absolute owner of the premises, and only held the same by a general license from the Homestake Mining Company. The deed offered in evidence contains the following clause: "And all is situated on Homestead ground." And the title to the property acquired by him under his deed is thus described by the defendant, in his testimony: "At the time I purchased the property I did not know from any source that it was claimed by the plaintiffs in this action. I supposed it was Homestake ground as the deed says; I mean, ground that the Homestake had given permission to others to occupy. * * * The whole of Lead City is built that way. Permission is given by the Homestake Company to put up buildings, and that kind of title is given, which we regard as just as good as a warranty deed, unless the Homestake needs the ground for actual mining purposes, and under these circumstances there is an understanding that a person must move his buildings off so as to have them out of the way of the Homestake Company. The whole of Lead City is built up with the kind of title that I have bought here. We regard it as perfectly good." Such a deed clearly constitutes no color of title under the statute (Seymour v. Cleveland, 9 S.

D. 94, 68 N. W. 171; 1 Ency. of Law (2d Ed.) 857; 1 Cyc. 1085). and was properly excluded, as was also all the evidence as to the nature and character of such improvements.

It is contended, however, by the defendant that, the cause of action for an injunction being an equitable one, the court was authorized to give him the benefit of his improvements upon equitable grounds, independent of the statute, by requiring the plaintiffs to either pay him the value of the improvements or allow him to remove the same from the premises, as the improvements are claimed to have been made by the defendant and his grantor under a mistake make by the defendant while acting in good faith, and the plaintiffs, though having knowledge that the improvements were being made, gave the defendant no notice that they claimed the property. This is undoubtedly a correct statement of the law applicable to this class of cases when the pleadings are so framed as to admit the proper evidence. In speaking upon this subject, Mr. Justice STORY, in his work on Equity Jurisprudence, says: "So if the true owner stands by and suffers improvements to be made on an estate without notice of his title, he will not be permitted in equity to enrich himself by the loss of another, but the improvements will constitute a lien on the estate." 2 Story's Eq. Jur. (12th Ed.) § 1237. But it will be noticed that no such defense or counterclaim is set up in the answer. The answer was evidently drawn on the theory that the defendant had the right to recover the value of his improvements under the statute, and no equitable ground for recovery was alleged therein. In the absence of an answer setting up an equitable defense or counterclaim, the court was clearly right in excluding the evidence, and, plaintiffs' title to the premises being undisputed,

the court was clearly right in directing a verdict for the plaintiffs.

There being no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.